47771. WHITE STORES, INC. v. MEADOWS.

SUBMITTED JANUARY 3, 1973—DECIDED JANUARY 19, 1973.

*Thomas L. Thompson, Jr., Charles A. Hughey,* for appellant.

*Roberts & Kilpatrick, Paul Kilpatrick, Jr.,* for appellee.

DEEN, Judge. ■ The entry was made in March, 1970. Evidence that on January 30 Hutcherson brought this particular account up to date by means of the proceeds of a check introduced in evidence was admitted over the objection that "whether the account was in arrears at this time is not the issue of this suit." Granted that the check as evidence of payment through January was of little probative value where the account again became delinquent, the same evidence was introduced by the defendant who offered evidence of Hutcherson's purchases and payments, including the payment represented by the proceeds of the check. No reversible error appears.

■ It is further contended that there was no evidence to support a verdict for either compensatory or punitive damages. The plaintiff was no party to the contract between Hutcherson and the defendant. He offered evidence supporting his contention that his real estate had been damaged in the amount sued for, and that the aerial removed from his

roof belonged to him and not to the debtor. The defendant's testimony indicated that they acted purely on the assumption the aerial belonged to Hutcherson without verification of the fact, and that they made no investigation whatever as to the ownership of the real property or the necessity for damage to the floor and roof. Where, as here, there is some evidence to indicate that the defendant proceeded in wilful disregard of the rights of the owner of the premises, whoever he may have been, unnecessarily inflicted injury on the property, and converted property not belonging to the debtor to its own use, this constitutes wilful and tortious misconduct authorizing punitive damages. *Whisenhunt v. Allen Parker Co.*, 119 Ga. App. 813, 818 (168 SE2d 827).

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*