67012. BOWEN et al. v. WATERS.

CARLEY, Judge.

Appellee loaned his car to Susan Duncan who drove it to the shop of appellant T.G.&Y. Stores Company. While Ms. Duncan was inside the store, a T.G.&Y. employee suspected her of shoplifting. The employee contacted the store's manager who instructed appellant Bowen, an assistant manager trainee of T.G.&Y., to follow Ms. Duncan. When Ms. Duncan exited the store and drove away in appellee's car, appellant Bowen followed her in his own car.

Ms. Duncan eventually became aware that she was being pursued, although she did not know why or by whom. As she drove appellee's car down the highway, Mr. Bowen twice pulled abreast of her and attempted to force her off the road. Mr. Bowen then passed Ms. Duncan and pulled his car across the roadway, blocking both lanes. Ms. Duncan made a U-turn and began driving in the opposite direction, with Mr. Bowen still in pursuit. When Ms. Duncan turned off the highway onto a dirt road, Mr. Bowen followed her and forced her into a ditch. Appellee's car overturned and was destroyed.

Subsequently, appellee filed suit against appellants, seeking both compensatory and punitive damages. Following discovery, appellants moved for summary judgment. Their motion was denied. The trial court issued a certificate of immediate review, and this court granted appellant's application for interlocutory appeal. The only enumeration of error is the trial court's denial of appellants' motion for summary judgment.

1. Appellants assert that appellee cannot maintain the instant

suit against them 'because he is not the real party in interest. See OCGA § 9-11-17. Appellants contend that appellee has no claim against them because he has assigned to his insurer his interest in the vehicle which was allegedly damaged by appellants.

Appellee maintained insurance coverage on his automobile. After the car was destroyed, appellee submitted a claim to the insurer, and the insurer paid appellee the sum of $5,750. No loan receipt or subrogation agreement was executed in connection with the payment. However, appellee did execute a document entitled "Bill of Sale." The Bill of Sale expressly provided that appellee thereby "grant[ed], bargain[ed], [sold] and assign[ed] all its [sic] right, title, and interest in and to" the subject automobile to the insurer. Appellants contend that this Bill of Sale operated to extinguish appellee's claim against them for damages incurred while appellee owned the vehicle.

It is clear that an insured may accept payment for a loss from his own insurer and may assign to his insurer any claims which he may have against third parties. In that situation, the insurer, rather than the insured, is the proper party plaintiff in an action against such third parties. *Stallings v. Chance*, 142 Ga. App. 491 (236 SE2d 110) (1977), reversed on other grounds, 239 Ga. 567 (238 SE2d 327) (1977). In cases holding that the insurer has succeeded to the insured's cause of action, however, the language of the agreement between insurer and insured has evidenced an intent that the right of action be so transferred. See, for example, the agreements considered in *Parker Plumbing &c. Co. v. Kurtz*, 225 Ga. 31 (165 SE2d 729) (1969); *Lindsey v. Samoluk*, 236 Ga. 171 (223 SE2d 147) (1976); *Bryant v. Atlanta Gas Co.*, 149 Ga. App. 126 (253 SE2d 807) (1979); *Stacey v. Fleet Multi Fuel Corp.*, 166 Ga. App. 684 (305 SE2d 424) (1983). In contrast to the documents in the above cited cases, the Bill of Sale presently under consideration contains no terms which evidence a subrogation agreement or an assignment to the insurer of appellee's chose in action. There is nothing on the face of the instrument itself and nothing in the record of the case to indicate that the Bill of Sale is anything other than a purchase receipt for an item of personal property. Compare *Browder v. Cox*, 83 Ga. App. 738 (64 SE2d 460) (1951), wherein the agreement between insurer and insured provided for both a sale of the damaged vehicle and an assignment of the insured's claims against others for the loss.

The trial court did not err in ruling that the Bill of Sale was insufficient to constitute a valid written assignment of appellee's chose in action as a matter of law. Appellants' motion for summary judgment was properly denied on this ground. See generally *Executive Dev. Prop. v. Andrews Plumbing Co.*, 134 Ga. App. 618 (2) (215 SE2d 318) (1975).

2. Appellants contend that appellee's claim for punitive damages

is not within the parameters of OCGA § 51-12-5, because the actions of appellants which gave rise to the instant suit were not directed specifically toward and did not involve appellee.

Additional, or exemplary damages may be recovered under OCGA § 51-12-5 "[i]n a tort action in which there are aggravating circumstances, in either the act or the intention." "To authorize the imposition of punitive damages there must be evidence of wilful misconduct, malice, fraud, wantonness, or oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences. The latter expression relates to an intentional disregard of the rights of another, knowingly or wilfully disregarding such rights." *Gilman Paper Co. v. James*, 235 Ga. 348, 351 (219 SE2d 447) (1975). While an award of punitive damages is authorized only where a tortfeasor's conduct is of an aggravated nature, such an award may properly be based upon an aggravated tort involving only property rights. *Atlantic Co. v. Farris*, 62 Ga. App. 212 (8 SE2d 665) (1940); *Daniel v. Perkins Logging Co.*, 9 Ga. App. 842 (72 SE 438) (1911).

Neither direct personal contact nor specific malice between defendant and plaintiff is required to support a claim for additional damages under OCGA § 51-12-5. The malice required for the recovery of exemplary damages need not amount to ill-will, hatred, or vindictiveness of purpose. It is sufficient if the defendant's acts were wanton or were done with a reckless disregard for or a conscious indifference to the rights of the plaintiff to use and enjoy his property. *Kolodkin v. Griffin*, 87 Ga. App. 725 (75 SE2d 197) (1953). "Where, as here, there is some evidence to indicate that the defendant proceeded in wilful disregard of the rights of the owner of [property], whoever he may have been, [and] unnecessarily inflicted injury on the property, . . . this constitutes wilful and tortious misconduct [which could authorize a jury to award] punitive damages. [Cit.]" *White Stores v. Meadows*, 127 Ga. App. 841, 843 (195 SE2d 198) (1973).

The trial court did not err in denying appellants' motion for summary judgment as to punitive damages in the instant case.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED FEBRUARY 15, 1984 —
REHEARING DENIED MARCH 2, 1984 — 

*C. Nathan Davis*, for appellants.
*David N. Rainwater, Manley F. Brown, H. T. O'Neal, Jr.*, for appellee.