70698. T. G. & Y. STORES COMPANY et al. v. WATERS.
(334 SE2d 910)

POPE, Judge.

This is the second appearance of this case in our court. See *Bowen v. Waters*, 170 Ga. App. 65 (316 SE2d 497) (1984). In summary, appellee Waters loaned his car to Susan Duncan who drove it to the shop of appellant T. G. & Y. Stores Company. While Ms. Duncan was inside the store, she was suspected of shoplifting. When she exited the store, appellant Bowen, an employee of T. G. & Y., acting upon the store manager's instructions, followed Ms. Duncan in his own car. During the chase that followed, appellee's car overturned and was destroyed.

Appellee filed suit against appellants seeking both compensatory and punitive damages. This court granted appellants' application for interlocutory appeal in which appellants alleged error in the trial court's denial of their motion for summary judgment. On appeal, this court affirmed the trial court's denial of summary judgment and held, inter alia, that the facts were sufficient to authorize an award for punitive damages. *Bowen v. Waters*, supra.

Subsequently, a jury found appellants guilty of trespass and awarded appellee $6,000 in property damage and $37,500 in additional damages. Appellants' motion for new trial or judgment notwithstanding the verdict was denied by the trial court. The present appeal followed. *Held:*

1. Appellants first cite error to the trial court's refusal to give their request to charge No. 1: "I charge you, members of the jury, that even if you find that one or both of the defendants acted without legal right or foundation, if you further find that defendants' actions were in *good faith* and were not done with any malice or ill will, then the plaintiff may not recover on his claim for additional (or punitive) damages." Appellants contend the issue of good faith is a relevant and proper issue in a case seeking punitive damages. Because the jury was not charged on the element of good faith, appellants allege that

all of the issues were not presented to the jury. While we agree that good faith is relevant, the refusal to grant appellants' request to charge No. 1 was not error.

Generally, the trial court must give jury instructions on all issues raised by the pleadings and the evidence. In addition, the instructions should be adjusted to the evidence actually presented at trial. *Vinson v. E. W. Buschman Co.*, 172 Ga. App. 306 (3) (323 SE2d 204) (1984). Even though the evidence may raise the issue in the requested jury instruction, a request to charge must be correct and perfect. *Seaboard Coast Line R. Co. v. Thomas*, 229 Ga. 301 (190 SE2d 898) (1972); *Downside Risk v. MARTA*, 168 Ga. App. 202 (6) (308 SE2d 547) (1983).

We find appellants' request No. 1 was incomplete and imperfect as it did not provide a complete statement setting forth the bases of punitive damages. " 'To authorize the imposition of punitive damages, there must be evidence of wilful misconduct, malice, fraud, wantonness, or oppression, *or* that entire want of care which would raise the presumption of a conscious indifference to consequences. *Southern R. Co. v. O'Bryan*, 119 Ga. 148 (45 SE 1000) [(1903)].' *Central of Ga. R. Co. v. Sowell*, 3 Ga. App. 142 (59 SE 323) [(1907)]." *Ford Motor Credit Co. v. Hitchcock*, 116 Ga. App. 563, 565 (158 SE2d 468) (1967). Appellants' request omitted language authorizing punitive damages when defendants' conduct is with a reckless disregard or a conscious indifference to the right of the plaintiff to use and enjoy his property. See also *S. S. Kresge Co. v. Carty*, 120 Ga. App. 170 (2) (169 SE2d 735) (1969). We are of the opinion that the inclusion of such language is necessary in jury instructions especially where punitive damages are sought when the defendants' conduct was not intentional. The trial court's charge to the jury contained this essential language and further amplified this principle of law by explaining "malice" in this context thus: "The malice required need not be ill will, hatred, or vindictiveness of purpose. It is sufficient if the defendants' acts were wanton or were done with a reckless disregard for or a conscious indifference to the rights of the plaintiff to the use and enjoyment of his property." Therefore, the substance of appellants' requested jury instruction was included in the charge to the jury as given by the trial court. Cf. *S. S. Kresge Co. v. Carty*, supra. The failure of appellants to include the foregoing language or its equivalent renders request to charge No. 1 imperfect and the trial court did not err in refusing to give the charge. See generally *Shannon v. Kaylor*, 133 Ga. App. 514 (2) (211 SE2d 368) (1974).

2. Appellants allege error in the trial court's instruction to the jury on the issue of the use of deadly force as was requested by appellee. Appellants contend the trial court was barred from giving requests to charge Nos. 5, 7, and 8 because there was no probative evi-

dence that appellants used any force. We disagree.

With regard to request to charge No. 8, in order to preserve the right to enumerate error in giving a charge to the jury, a party must object to the charge. The failure to object to the charge constitutes a waiver. *Dept. of Transp. v. 2.734 Acres of Land,* 168 Ga. App. 541 (2) (309 SE2d 816) (1983). Appellants objected to appellee's requests to charge Nos. 5 and 7 but did not object to request No. 8. Since there was no objection, appellants waived the right to allege error to request No. 8. Moreover, for the reasons set forth below, we find no substantial error in the giving of this charge. See generally OCGA § 5-5-24 (c).

Appellants contend that the only evidence of force was the testimony of Colonel Whittington, Chief Deputy of Crisp County Sheriff's Department. Whittington testified that Ms. Duncan told him that appellee Bowen forced her off the road. According to appellants, that testimony is hearsay evidence and, therefore, has no probative value. Whittington's testimony is not hearsay as it falls within the hearsay exception of "excited utterances" and is admissible as part of the res gestae. See generally Green, Georgia Law of Evidence, §§ 289-298 (2d ed. 1983). " 'Res gestae are the circumstances, acts and declarations which grow out of the main fact, are contemporaneous with it, and serve to illustrate its character. Declarations of a party, to be admitted as part of the res gestae, must be at the time of the transaction they are intended to explain; must be calculated to unfold its nature and quality, and must harmonize with it.' [Cit.]" *Standard Oil Co. v. Reagan,* 15 Ga. App. 571, 581 (84 SE 69) (1915). As part of res gestae, the excited utterance exception is based on the experience that declarations made under the immediate and uncontrolled domination of the senses may be taken as trustworthy and therefore received as testimony. See generally *Standard Oil Co. v. Reagan,* supra at 577-585.

Even if Whittington's testimony constituted hearsay, the trial court did not err in instructing the jury on the issue of the use of force because there remained some evidence of force. "To justify a charge on a given subject, it is not necessary there should be direct evidence going to that point; it is enough if there be something from which a legitimate process of reasoning can be carried on in respect to it." (Citations and punctuation omitted.) *Shumake v. State,* 159 Ga. App. 141, 143 (282 SE2d 756) (1981). See *Hawkins v. State,* 80 Ga. App. 496 (2) (56 SE2d 315) (1949). At trial, appellant Bowen testified that when Ms. Duncan left the parking lot, he followed her in his car. In trying to stop her and take her back to the store, Bowen testified that he blinked his lights, blew his horn and pulled alongside her car while traveling down a two-lane road. When Ms. Duncan refused to stop, Bowen then pulled his car in front of her and slowed down but Ms. Duncan passed him. Bowen then passed her again but this time

he pulled out in front of her and parked sideways blocking both lanes of the public road. Ms. Duncan turned around and headed the other way. Bowen testified that he then followed her down a dirt road traveling about 50 mph and was close enough to see her face in her rearview mirror before she wrecked in the ditch. We find such evidence clearly shows that Bowen used force to stop Ms. Duncan. Furthermore, Bowen's action in pulling alongside Ms. Duncan's car and in blocking both lanes of the public road was likely to cause harm not only to Ms. Duncan but also to other drivers using that road. Thus, the trial court did not err in giving charges on the issue of force to the jury.

3. Appellants next assign error to the trial court's denial of their motion for a directed verdict on the issue of additional damages contending that this case is not a proper one for the imposition of punitive damages because there was no personal contact between the parties. Appellants raised this same issue in their first appeal. They now ask this court to reconsider our holding in the opinion in that appeal. We decline to do so and affirm our holding in *Bowen v. Waters,* supra at 67, that "[n]either direct personal contact nor specific malice between defendant and plaintiff is required to support a claim for additional damages."

In *Atlantic Co. v. Farris,* 62 Ga. App. 212, 219 (8 SE2d 665) (1940), this court held that "[u]nder the Code, § 105-2002 [now OCGA § 51-12-5] a 'personal tort' need not be committed by the wrongdoer before 'additional damages' can be awarded, where there are aggravating circumstances either in the act or in the intention." In *White Stores v. Meadows,* 127 Ga. App. 841 (195 SE2d 198) (1973), the defendant damaged plaintiff's house while in the process of repossessing collateral purchased by plaintiff's lessee and also erroneously removed an antenna belonging to plaintiff. Although the plaintiff was not a party to the contract between the defendant and the plaintiff's lessee, this court affirmed the verdict for punitive damages. "Where, as here, there is some evidence to indicate that the defendant proceeded in wilful disregard of the rights of the owner of the [property], whoever he may have been, [and] unnecessarily inflicted injury on the property . . . this constitutes wilful and tortious misconduct authorizing punitive damages. [Cit.]" *White Stores v. Meadows,* supra at 843. Therefore, it is the nature of the tortfeasor's acts, not the perception of the acts by the owner of the property damaged, which sustains a claim for punitive damages for deterrence. See generally *Woodbury v. Whitmire,* 246 Ga. 349 (3) (271 SE2d 491) (1980); *Westview Cemetery v. Blanchard,* 234 Ga. 540 (2B) (216 SE2d 776) (1975). To hold otherwise would destroy one of the reasons juries can impose punitive damages; that is, to deter the wrongdoer from repeating the trespass. The trial court, therefore, did not err in denying appellants' motion

for directed verdict as to additional damages in the instant case.

4. Appellants contend that the trial court erred in failing to grant their motion for directed verdict on the issue of additional damages in that there was no probative evidence of aggravating circumstances. OCGA § 51-12-5 provides that additional damages may be awarded to (1) deter the wrongdoer from repeating the trespass or (2) as compensation for the wounded feelings of the plaintiff. Aggravating circumstances authorizing additional damages consist of "wilful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences." *General Refractories Co. v. Rogers*, 240 Ga. 228, 230 (239 SE2d 795) (1977). The phrase "conscious indifference to consequences" means an "intentional disregard of the rights of another, knowingly or wilfully disregarding such rights." *Gilman Paper Co. v. James*, 235 Ga. 348, 351 (219 SE2d 447) (1975).

A directed verdict is proper only when there is "no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions [or inferences] therefrom, shall demand a particular verdict." OCGA § 9-11-50 (a). A trial court's denial of a motion for a directed verdict, therefore, will be upheld if there is "any evidence" to support the jury's verdict on the finding of aggravated circumstances. See, e.g., *United Fed. Savings &c. Assn. v. Connell*, 166 Ga. App. 329 (1) (304 SE2d 131) (1983). We find that appellant Bowen's actions, as discussed in Division 2, supra, provide evidence of aggravating circumstances sufficient to support the jury's verdict for additional damages. This enumeration is therefore without merit.

5. Appellee's motion for damages for frivolous appeal is denied.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 10, 1985.

*C. Nathan Davis, Thomas H. Hyman*, for appellants.
*David N. Rainwater, Manley F. Brown*, for appellee.