### 74048. CROW et al. v. EVANS.
(359 SE2d 446)

SOGNIER, Judge.

Danny Evans, a tenant at Morrow College Apartments, brought suit against the apartments' owner, Robert Glickman, managing agent The Lane Company, and former managers Dot Sewell and Ricky Crow, to recover compensatory and punitive damages for injuries sustained when the bathroom floor next to the tub in his apartment collapsed while he was bathing his child. The trial court directed a verdict in favor of The Lane Company as to punitive damages; the jury returned a verdict in Evans' favor against all defendants including

The Lane Company for compensatory damages, and in favor of Evans against all defendants except The Lane Company for punitive damages. All defendants except The Lane Company appeal from the judgment entered on the jury verdict.

1. Appellants contend the trial court erred by denying their motion for directed verdict on the issue of punitive damages in view of the trial court's granting The Lane Company's motion for directed verdict on such damages. Appellants cite *Willis v. Hill*, 116 Ga. App. 848 (159 SE2d 145) (1967) and *Chupp v. Henderson*, 134 Ga. App. 808 (216 SE2d 366) (1975), in support of their argument that where defendants are sued jointly and severally, punitive damages cannot be assessed against any of them unless all are liable. We note initially that this proposition is mere dicta in both those cases. *Willis*, supra at 868 (5); *Chupp*, supra at 812 (3). However, even were we to accept the dicta as binding, it is clear that the proposition in *Willis* and *Chupp* is based on two principles of law, apportionment of damages and respondeat superior, which cannot be applied here as they were in those cases.

First, apportionment of damages, or, more specifically, the prohibition against apportionment of damages among joint and several tortfeasors, see *Craven v. Allen*, 118 Ga. App. 462 (164 SE2d 358) (1968), is not in issue here where the record clearly shows no apportionment of damages occurred. The jury returned a verdict against all defendants as to whom it was empowered to do so, and did not apportion the sum awarded among the various parties. See generally *Elliott v. Leavitt*, 122 Ga. App. 622, 628-629 (3) (178 SE2d 268) (1970). Although by granting The Lane Company's motion for directed verdict on the issue of exemplary damages the trial court precluded the jury from returning a verdict against The Lane Company on those damages, the propriety of that directed verdict is not before this court since The Lane Company is not a party to this appeal and no enumeration of error has been raised pertaining to that directed verdict. As Judge Eberhardt so aptly remarked in *Willis*, supra, "[w]e do well to kill the snakes springing from the pages of the records before us — it is improper and foolhardy to stir up more." Id. at 868. We note, however, that The Lane Company had replaced Sewell & Crow as managing agents only four days before the incident occurred, thus preventing, to a large degree, its discovering or correcting any defects. Thus, the failure to act despite longstanding and repeated notice of problems present as to appellants was absent as to The Lane Company (see Division 2 infra).

Second, while it is true that respondeat superior prohibits a finding against the master when there has been a judgment on the merits in favor of the servant on whom the master's liability was predicated, see, e.g., *Giles v. Smith*, 80 Ga. App. 540, 543 (56 SE2d 860) (1949),

that principle is inapplicable here. As to the issue of exemplary damages in the case at bar, the record reveals that two parties who were either agents or employees of the owner ("master") of the apartments remained after the trial court directed a verdict in favor of The Lane Company. The jury apparently determined those parties' actions were such as would support punitive damages (see Division 2 infra). Quite apart from the possibility that the owner's actions themselves might support an award of punitive damages, under the circumstances here, having awarded damages against the apartment managers, there can be no question that the jury was authorized to award those same damages against the owner. Since we have here neither an impermissible apportionment of damages nor a failure to find against a servant through whom alone the master can be found liable, *Willis* and *Chupp*, supra, are inapposite, and we do not agree that in light of the trial court's having directed a verdict in favor of The Lane Company on the issue of punitive damages, the entire award of such damages was erroneous.

2. Appellants also maintain the trial court erred by charging the jury as to punitive damages because the evidence was insufficient as a matter of law to support such an award. Appellants argue that the mere breach of their duty to repair the apartment would not authorize punitive damages. *Kaplan v. Sanders*, 237 Ga. 132, 133 (1) (227 SE2d 38) (1976). While this principle is sound, we do not agree with appellants' characterization of their actions here as a mere breach of their duty to repair. The evidence showed that appellants had been aware for several years of serious problems with the plumbing, not only in appellee's apartment, but in the three contiguous apartments. Further, appellants had actually had to replace floors in contiguous apartments following accumulation of water, and were aware that another tenant had fallen through a bathroom floor because of similar leaks. This evidence was sufficient to authorize the jury to find that appellants' inaction evinced a reckless disregard for or a conscious indifference to consequences, see *Bowen v. Waters*, 170 Ga. App. 65, 67 (2) (316 SE2d 497) (1984), thus constituting aggravating circumstances which permit the award of additional damages under the provisions of OCGA § 51-12-5. We therefore find no error in the trial court's charging the jury on these damages.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED JULY 8, 1987.

*Peter K. Kintz, K. Scott Graham*, for appellants.

*Eugene O'Brien*, for appellee.