## 77298. McWILLIAMS v. HAYES.
(379 SE2d 528)

POPE, Judge.

Appellant-landlord brought a dispossessory action against appellee-tenant for nonpayment of rent. Appellee counterclaimed for actual and exemplary damages based on the appellant's failure to repair and maintain the premises in which she and her two small children resided. A jury trial resulted in a verdict awarding appellee $1,346 nominal damages and $5,000 punitive damages. *Held*:

1. Appellant first challenges appellee's right to recover punitive damages, arguing, inter alia, that a mere breach of his contractual and statutory duty to repair would not authorize punitive damages. "While this principle is sound, we do not agree with [appellant's] characterization of [his] actions here as a mere breach of [his] duty to repair." *Crow v. Evans*, 183 Ga. App. 581, 583 (359 SE2d 446) (1987). The evidence adduced at trial showed that appellee made repeated and numerous complaints, both written and verbal, concerning the condition of her premises, and that she threatened to, and in fact did, withhold rent on several occasions in an attempt to force the appellant to take action on her requests. Specifically, the record shows that appellee informed appellant of leaks in her bathroom sink, which re-

sulted in a fungus she was unable to eradicate, leaks in her ceiling, a loose fitting door and doorknob on her front door and a severe roach infestation problem. Appellee further testified that her children had suffered physical harm because of these unsanitary conditions and that her apartment had been burglarized with entry being gained through the unsecure front door. The record also shows that appellant was aware of problems in contiguous apartments.

" 'To authorize the imposition of punitive or exemplary damages there must be evidence of wilful misconduct, malice, fraud, wantonness, or oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences.' [Cits.]" *Ponce de Leon Condominiums v. DiGirolamo*, 238 Ga. 188, 189 (232 SE2d 62) (1977). "[The] evidence [presented in the case at bar] was sufficient to authorize the jury to find that [appellant's] inaction evinced a reckless disregard for or a conscious indifference to consequences, . . . thus constituting aggravating circumstances which permit the award of additional damages under the provisions of OCGA § 51-12-5." *Crow, supra* at 583. Consequently, this enumeration affords no basis for reversal. See also *Field Developers v. Johnson*, 160 Ga. App. 180 (2) (289 SE2d 321) (1981).

2. We have examined appellant's remaining enumerations of error and find them to be without merit.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 7, 1989 —
REHEARING DENIED MARCH 13, 1989 —

*Germano & Kimmey, J. Steven Cheatwood*, for appellant.
*Donald M. Coleman*, for appellee.