A90A1152. SIMPSON v. YONTS.
(398 SE2d 407)

POPE, Judge.

Defendant/tenant Marvin Simpson appeals the judgment of the trial court entered in this dispossessory action.

The following facts were stipulated by the parties: Pursuant to a written lease agreement the defendant rented a trailer owned by plaintiff/landlord Leslie Yonts d/b/a Country Acres Trailer Park. Defendant paid the first five rental installments, which were due weekly, but made no further payments after August 18, 1989. On August 28, 1989, the plaintiff instituted dispossessory proceedings in the Magistrate Court of Tift County. Pursuant to the agreement of the parties, the action was dismissed without prejudice and refiled in the State Court of Tift County. The defendant answered and counterclaimed and the parties agreed to have the matter tried before the court without a jury.

The evidence adduced at the bench trial showed the following: Several weeks after he moved into the trailer, defendant noticed a smell which seemed to emanate from the fuse box located at the back of the trailer. The defendant notified the manager/maintenance worker, Leonard Stephens, who informed the defendant that there was nothing wrong with the fuse box. However, the defendant continued to smell a burning odor. He also began to experience problems with some of the electrical appliances in the trailer. The defendant again checked the fuse box and saw that it was "sparking" and had "arcs" on it. He contacted Stephens who tightened a wire. Although the situation improved temporarily, the burning smell eventually became so bad that the defendant notified the fire department, who in turn contacted the utility company. Although a problem with the fuse box was discovered, the defendant testified that Stephens reiterated his refusal to make the necessary repairs, and defendant informed Stephens that he was withholding rent until the repairs were made. On October 4, 1989, after the dispossessory proceedings were instituted, the defendant visited the office of the plaintiff and notified him of the problem. The plaintiff testified he was unaware of the problem prior to that time and he effected repairs on the same day the defend-

ant visited his office.

After hearing evidence, the trial court entered an order awarding possession to the plaintiff. The trial court also found that the defendant was entitled to a credit of $150 because of the reduced rental value of the property during the time the defendant experienced electrical problems, but denied the defendant's claims for punitive damages and attorney fees. The trial court also rejected the defendant's claims under the Georgia Fair Business Practices Act and his constitutional challenges to OCGA § 44-7-53 (b). We affirm.

1. Contrary to defendant's first enumeration of error the trial court correctly found that "defendant introduced no evidence . . . of any violation by the plaintiff of the provisions of OCGA Section 10-1-390 et seq. (the Georgia Fair Business Practices Act)." "Even assuming the particular facts of the case bring it within the regulatory ambit of the FBPA, defendant simply did not establish a prima facie cause of action under the FBPA. Defendant presented evidence that the [landlord breached his duty to repair], but . . . did not present evidence of a volitional unfair or deceptive act or practice. (Indention omitted.)" *Gresham v. White Repair &c. Co.*, 158 Ga. App. 235, 236 (2) (279 SE2d 528) (1981). See also *Gross v. Ideal Pool Corp.*, 181 Ga. App. 483 (1) (352 SE2d 806) (1987); *Zeeman v. Black*, 156 Ga. App. 82 (273 SE2d 910) (1980). Consequently, this enumeration is without merit.

2. Defendant next contends the trial court erred in concluding that the lack of actual notice to the plaintiff precluded an award of punitive damages. As asserted, however, this enumeration misconstrues the holding of the trial court. The trial court expressly found Stephens had acted as the agent of the owner, and therefore it is arguable that punitive damages could have been awarded against the plaintiff on the basis of his manager's conduct. See *Crow v. Evans*, 183 Ga. App. 581 (1) (359 SE2d 446) (1987). However, pursuant to OCGA § 51-12-5.1 (b), "[p]unitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the [tortfeasor's] actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." Applying that standard to the facts at hand, we hold the trial court did not err in failing to assess punitive damages against the plaintiff. Although defendant testified that Stephens refused to repair the fuse box despite repeated requests to do so, evidence was also presented that Stephens did attempt one repair of the fuse box, which was apparently successful for a short while. Likewise, although defendant testified that Stephens reiterated his refusal to repair the fuse box on the night the fire department and utility company were notified, evidence was also presented that Stephens made the state-

ment that he would not repair the fuse box *that night*, but would repair it the next day. Evidence was also presented that defendant had made other repair requests which were satisfactorily resolved and that defendant's only remaining complaint concerned the refusal to repair the fuse box. "Ordinarily the imposition of punitive damages is an issue for the [trier of fact]." *Associated Health Systems v. Jones*, 185 Ga. App. 798, 802 (2) (366 SE2d 147) (1988). Having found no error which would require reversal as a matter of law, we must affirm the trial court's refusal to impose punitive damages. Cf. *McWilliams v. Hayes*, 190 Ga. App. 709 (1) (379 SE2d 528) (1989); *Crow*, supra. This enumeration, therefore, is without merit.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 18, 1990.

*Randall A. Schmidt, John L. Cromartie, Jr., Phyllis J. Holmen, Kay Y. Young*, for appellant.
*Allen & Kelley, Roy B. Allen, Jr.*, for appellee.
*Dennis A. Goldstein*, amicus curiae.