A91A1779. CRAWFORD et al. v. FREEMAN.
(417 SE2d 345)

BEASLEY, Judge.

Appellant-plaintiffs Riordan and Crawford leased apartment C-5 in the Sandy Springs Villa Apartments, which is owned and managed by appellee-defendant Freeman. Approximately six weeks after plaintiffs moved into their apartment, its contents were destroyed by a fire which was caused by the heating unit's overheating as a result of a short in the internal wiring and a subsequent ignition of surrounding combustible materials. Alleging that Freeman had prior knowledge that the heating unit was in need of replacement and that he was grossly negligent in not replacing it, plaintiffs brought this suit against him seeking damages.

At the outset of the trial, plaintiffs' counsel sought to admit invoices concerning the repair and replacement of heating and air-conditioning units in other apartments, and to cross-examine defendant

concerning them, for the purpose of determining whether other heating units had experienced problems similar to those experienced by plaintiffs' unit. Counsel's stated purpose was to show defendant's prior knowledge of this dangerous condition, in order to prove defendant liable on plaintiffs' claim and establish a basis for the imposition of punitive damages. The trial judge refused admission of the invoices or cross-examination about them, ruling, "I'm going to hold you to C-5 (plaintiffs' apartment). That's all. You prove your damages by proving any negligence on C-5."

Defendant testified that he bought the apartment complex in 1984 and discovered that air conditioning and heating units were in need of repair and replacement. As tenants complained of malfunctioning units, defendant repaired the unit if that could be done for under $200; if not, he replaced it.

As of January 1988, there were only four apartments in the complex which did not have replacement units, and one of these was plaintiffs'. The thermostat in plaintiffs' unit was replaced the year before the fire, but there were no other complaints concerning it. At the beginning of February, defendant began replacing the units in these four apartments. Plaintiffs' unit was the last to be replaced. The work was scheduled for February 4, which was the day of the fire.

After plaintiffs' witnesses had testified, defendant made a motion for directed verdict on the issue of punitive damages, arguing that "plaintiffs have not shown the prior knowledge on the part of Mr. Freeman that he knew this heating unit was a problem or going to break into a fire." Plaintiffs' counsel argued that, "[t]he condition of apartments in other parts of the complex have been used not only as admissible evidence but as proof to support a punitive damage award." The trial judge granted defendant's motion. The jury returned a verdict in defendant's favor.

Plaintiffs contend that the trial court erred in refusing to admit the other repair invoices or to permit plaintiffs to cross-examine the defendant regarding their contents. The documents are not part of the record, as the court refused to allow a proffer, and we cannot consider the exhibits attached to their appellate brief. *Ragan v. Smith*, 188 Ga. App. 770, 772 (2) (374 SE2d 559) (1988). Plaintiffs also contend that the trial court erred in granting defendant's motion for directed verdict on the issue of punitive damages.

1. A proffer should have been allowed. See generally Agnor's Ga. Evidence, 48-2, p. 124 (1976). In view of the admission of testimony that upon complaint defendant had replaced all other units in the complex and that there had been no complaint concerning plaintiffs' unit, any error by the trial court in refusing to allow the documentary evidence or cross-examination of defendant concerning the problems with other units was harmless. See *Foster v. National Ideal Co.*, 119

Ga. App. 773, 774 (1) (168 SE2d 872) (1969).

2. As to the question of punitive damages, there is no evidence of recklessness so as to authorize such an award. See *Crow v. Evans*, 183 Ga. App. 581, 583 (2) (359 SE2d 446) (1987).

*Judgment affirmed. Carley, P. J., and Johnson, J., concur.*

DECIDED MARCH 2, 1992 —
RECONSIDERATION DENIED APRIL 3, 1992.

*Gainer & Waldrop, William G. Gainer,* for appellants.
*Downey, Cleveland, Parker & Williams, Y. Kevin Williams, Rodney S. Shockley,* for appellee.