## A99A2435. FERRO v. BOSWELL.
### (530 SE2d 533)

BARNES, Judge.

Onna Ferro appeals from a jury verdict in favor of Vincent E. Boswell, M.D., in her medical malpractice action against him. In this appeal, Ferro asserts the trial court erred by (1) failing to grant her motion for new trial because there was unrefuted evidence that Dr. Boswell violated the standard of care; (2) failing to charge the jury with regard to the statutory presumption that arises under OCGA § 24-4-22 when a party fails to produce evidence; and (3) charging the jury on comparative negligence when this charge was not supported by the evidence and this defense theory was not included in the pretrial order. For reasons that follow, we affirm.

1. In her first and second related enumerations of error, Ferro asserts the trial court should have granted her motion for new trial because there was "unrefuted evidence that Dr. Boswell had violated the . . . standard of care, thereby causing Ms. Ferro's damages." In further support of this argument, Ferro contends the trial court abused its discretion because it failed to apply evidentiary presumptions when it ruled on the motion for new trial.

> In reviewing a verdict after the denial of a motion for new trial we follow well-established principles. Where a jury returns a verdict and it has the approval of the trial judge, the same must be affirmed on appeal if there is any evidence to support it as the jurors are the sole and exclusive judges of the weight and credit given the evidence. The appellate court must construe the evidence with every inference and presumption in favor of upholding the verdict, and after judgment, the evidence must be construed to uphold the verdict even where the evidence is in conflict. As long as there is some evidence to support the verdict, the denial of the motion for new trial will not be disturbed.

(Citation and punctuation omitted.) *Crump v. McDonald*, 239 Ga. App. 647, 650-651 (3) (520 SE2d 283) (1999).

The record in this case shows that Dr. Boswell, an orthopedic surgeon, performed a high tibial osteotomy on Ferro's right knee in November 1993. The purpose of this procedure is to realign a bone in the knee, shift where the patient bears weight, and relieve arthritis

pain. This procedure failed to achieve these results with Ferro because the bone that was cut during the surgery did not grow back together. Physicians call this failure to grow together "nonunion."

In May 1994, another orthopedic surgeon, Dr. George Cierny, performed a total right knee replacement on Ferro. One year later, in May 1995, Dr. Cierny removed Ferro's right knee prosthesis because of infection in her knee. At the same time, he fused her knee. As a result of this fusion, Ferro can no longer bend her right knee.

During the trial, Ferro asserted Dr. Boswell committed malpractice in three different ways: (1) he should never have performed the high tibial osteotomy on Ferro because it was contraindicated for a patient like her; (2) a cut he made during the operation violated the standard of care because it was less than two centimeters long; and (3) he failed to diagnose and treat a post-operative infection of Ferro's right knee. She further claimed that Dr. Boswell's malpractice necessitated the surgeries performed by Dr. Cierny and deprived her of a functioning right knee.

In this appeal, Ferro contends unrefuted evidence during the trial showed that Dr. Boswell's cut during the high tibial osteotomy was less than two centimeters below a joint line and that such a cut violated the standard of care. Ferro also points to evidence showing that a cut that is less than two centimeters can result in nonunion and bone death. Based on this evidence, Ferro argues, the trial court should have granted her motion for new trial because no evidentiary basis existed for the jury's verdict in favor of Dr. Boswell.

We disagree. The record in this case shows that Dr. Boswell presented evidence that a cut between one and one-half centimeters and two centimeters falls within the standard of care, and there was evidence that the cut he made was one and one-half centimeters, as well as two centimeters. He also presented evidence that the nonunion of Ferro's right knee could have resulted from her noncompliance with instructions to keep her knee joint immobile after the November 1993 surgery. Finally, he presented evidence that nonunion is a known complication of a high tibial osteotomy that can occur with no malpractice on the part of the surgeon. Based on this evidence, the trial court did not abuse its discretion when it denied Ferro's motion for new trial. See *Harris v. Leader*, 231 Ga. App. 709, 713 (2) (499 SE2d 374) (1998).

2. In her third enumeration of error, Ferro asserts the trial court erred when it failed to charge the jury about the statutory presumption found in OCGA § 24-4-22. We find no merit in this enumeration because Ferro failed to request this charge or except to the trial court's failure to give this charge. See OCGA § 5-5-24 (a); *Evans Toyota v. Cronic*, 233 Ga. App. 318, 322 (3) (a) (503 SE2d 358) (1998). Furthermore, this alleged error was not harmful as a matter of law.

See OCGA § 5-5-24 (c).

3. In her remaining enumeration of error, Ferro contends the trial court erred when it charged the jury on comparative negligence because (a) the evidence did not support such a charge and (b) Dr. Boswell waived this defense by failing to assert it in the pretrial order. We disagree. As outlined above, Dr. Boswell presented evidence that Ferro's noncompliance with his instructions to keep the knee joint immobile after the surgery could have caused the nonunion. Thus, the trial court properly charged the jury on comparative negligence. *McMullen v. Vaughan*, 138 Ga. App. 718, 720-721 (2) (227 SE2d 440) (1976).

Since evidence of Ferro's noncompliance was presented without objection during the trial, the omission of the defense of comparative negligence from the pretrial order did not preclude the trial court from charging the jury on this defense. See *Cooper v. Rosser*, 232 Ga. 597, 599 (207 SE2d 513) (1974) ("a pre-trial order will be deemed modified to conform to evidence admitted without objection").

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED MARCH 8, 2000.

*Fred L. Cavalli*, for appellant.

*Weinberg, Wheeler, Hudgins, Gunn & Dial, Earl W. Gunn, John K. Train IV*, for appellee.