## A00A2258. IKE v. KROGER COMPANY.
### (546 SE2d 903)

BARNES, Judge.

Angela Ike appeals a judgment, based on a jury verdict, in favor of the Kroger Company in a rainy day slip and fall case. She contends the trial court erred by refusing to give her requested jury charge on the admissibility of admissions made by Kroger employees; by giving Kroger's charge on expecting to find water on the floor on a rainy day; by giving Kroger's charge on her obligation to exercise ordinary care for her own safety; by giving Kroger's charge on equal or greater negligence; by refusing to give her charge on future earnings; by allegedly commenting upon the evidence during the charge; and by denying her motion for a new trial. Ike also contends the verdict is contrary to the evidence, without evidence to support it, decidedly and strongly against the weight of the evidence, and contrary to law and the principles of justice and equity. Finding no error, we affirm.

1. Ike contends the trial court erred by denying her motion for a new trial because the verdict was contrary to the evidence and without evidence to support it, is decidedly and strongly against the weight of the evidence, and is contrary to law and principles of justice. In her recitation of the facts and in her arguments regarding her motion for a new trial, Ike, quite naturally, has stated the facts from her point of view. However, rearguing the evidence,

> upon which the jury has already passed, provides no basis for an appeal. The entire question of fact, and particularly the weight and preponderance of the evidence, are for the jury. On appeal, we construe all evidence most strongly in support of the verdict, for that is what we must presume the jury did; and if there is evidence to sustain the verdict, we cannot disturb it. *McLarty v. Kushner*, 173 Ga. App. 432 (326 SE2d 777).

*J. C. Penney Cas. Ins. Co. v. Woodard*, 190 Ga. App. 727, 730 (2) (380 SE2d 282) (1989).

Therefore, construing the evidence most strongly in support of the verdict, the evidence shows that on a rainy day Ike entered a Kroger store to do some shopping. According to Ike's testimony, the

rain had stopped before she entered the store, and there was a puddle of water inside the store that she slipped and fell in because she did not see the puddle. She also testified that when she entered the store, she saw a large puddle just inside the first door, which she avoided. The puddle she slipped in was of similar size. Kroger's employees, however, testified that it was still raining when Ike fell. The parking lot was wet.

Contrary to Ike's testimony, three Kroger employees testified that caution signs were posted at the entrance to the store, carpeted mats were just inside the entrance, and the area was being mopped frequently. These witnesses also testified that Ike did not fall to the floor. She just slipped and caught herself on a shoplifting detection device near the door. Further, Ike continued her shopping after the incident. The witnesses testified that no large puddle was on the floor, only moisture that had been tracked in by customers.

The standard of appellate review of a motion for new trial is that, when a jury returns a verdict and the trial court has approved it, the ruling must be affirmed on appeal if there is any evidence to support it, because the jurors are the sole and exclusive judges of the weight and credit given the evidence. An appellate court must construe the evidence with every inference and presumption in favor of upholding the verdict, even when the evidence is in conflict. As long as some evidence supports the verdict, we will not disturb the denial of a motion for new trial. *Southeastern Security Ins. Co. v. Hotle*, 222 Ga. App. 161, 162 (1) (473 SE2d 256) (1996). Further, Ike's enumerations contending that the trial court erred by denying her motion for new trial because the verdict was decidedly and strongly against the weight of the evidence and contrary to law and principles of justice do not present an issue for appellate review.

> The discretion to set aside a verdict on the ground that it is decidedly and strongly against the weight of the evidence or is contrary to the principles of justice and equity rests solely with the trial judge, and the appellate courts are not vested with such discretion. See generally OCGA §§ 5-5-20; 5-5-21.

(Citations omitted.) *Perfect Image v. M & M Electrical Constructors*, 191 Ga. App. 605, 608 (5) (382 SE2d 405) (1989).

Accordingly, these enumerations of error are without merit.

2. Ike contends the trial court erred by refusing to give a charge she requested that certain statements made to her by Kroger employees on the day of her alleged fall were admissible in evidence. The charge states: "Ladies and gentlemen of the jury, I charge you that a statement made by an employee within the scope of his employment is admissible as an admission against the interest of the

employer and not hearsay." Ike cites *Watson v. Kroger Co.*, 231 Ga. App. 741 (500 SE2d 631) (1998), as authority for giving the charge. Review of *Watson*, however, shows that the issue was whether certain statements were admissible, not whether this jury charge was appropriate. Therefore, *Watson* is not authority for giving this charge. Further, because these statements were, in fact, admitted in evidence, without limitation, the charge was unnecessary. Under the circumstances, the jury had no need to be instructed that the statements were admissible. Language used in appellate court decisions may embody sound law, but it is not always proper to include such language in the jury charge. *Dept. of Transp. v. Hillside Motors*, 192 Ga. App. 637, 640 (3) (385 SE2d 746) (1989).

As Ike's arguments regarding the trial court's failing to charge on res gestae were not raised in the trial court and were not enumerated as error, they present nothing for appellate review. Only those issues properly raised in the trial court will be considered on appeal. *Dept. of Transp. v. Hillside Motors*, supra, 192 Ga. App. at 638.

3. Ike contends the trial court erred by giving the following charge to the jury:

> The risk of harm imposed by some accumulation of water on the floor of a business premises during rainy days is not unusual or unreasonable in and of itself but is one to which all who go out on a rainy day may be exposed and which all may expect or anticipate. Until such time as one who enters might reasonably expect to find the floor free of water, he or she should expect to find water present.

We find no error. This charge accurately states the law in this state. *Roby v. Kroger Co.*, 219 Ga. App. 459, 460 (465 SE2d 496) (1995); *Chafin v. Winn-Dixie Atlanta*, 201 Ga. App. 209 (411 SE2d 64) (1991). See also *Cleveland v. Snowdrop Properties*, 232 Ga. App. 447, 448 (501 SE2d 546) (1998). Additionally, the charge was properly adjusted to the evidence presented by Kroger's employees that it was raining when Ike entered the store.

Ike also contends the court should have charged the jury on Kroger's duty to mop the floor. Pretermitting whether such a charge was warranted, the charge actually given was a correct statement of the law and was supported by the evidence. As Ike did not request a charge on mopping, the trial court did not err by neglecting to give one. *Ferro v. Boswell*, 242 Ga. App. 634, 635 (2) (530 SE2d 533) (2000).

4. Ike contends the trial court erred by giving a charge Kroger requested on Ike's obligation to exercise ordinary care: "If the Plaintiff by the exercise of ordinary care could have avoided the conse-

quences to herself caused by the Defendant's negligence, the Plaintiff is not entitled to recover." She asserts the charge was not adjusted to the facts or supported by the evidence. A jury charge, however, is authorized if there is some evidence from which jurors can conduct a legitimate process of reasoning with respect to the charge. *T.G.&Y. Stores Co. v. Waters*, 175 Ga. App. 884, 886 (2) (334 SE2d 910) (1985). In this case, Kroger's evidence showing that Ike successfully avoided slipping in one puddle while claiming to have fallen in another was sufficient to warrant the charge. Even if she did not see the second puddle, as she claims, a jury question exists on whether she was exercising ordinary care by keeping a proper lookout for puddles, which she could reasonably expect to find on a rainy day.

5. Ike also alleges the trial court erred by giving Kroger's requested charge as follows: "If from all the evidence you were to find that the Plaintiff herself was negligent and her negligence was equal or greater than any negligence on the part of the Defendant, then there can be no recovery by the Plaintiff against this Defendant." Ike asserts that this charge was not adjusted to the evidence because there was no evidence she was negligent. This argument is without merit for the reasons stated in Division 4 above.

6. Ike contends the trial court erred by refusing to give a charge on future lost wages. The trial court did not err in this refusal. The trial transcript shows that Ike failed to introduce any evidence showing either that she had a permanent injury or that she would be entitled to lost wages for any particular period. The only evidence she introduced in this regard was that she was presently working only six hours rather than eight hours a day. This testimony is not sufficient to prove a claim for future lost wages. *Super Discount Markets v. Coney*, 210 Ga. App. 659, 660 (2) (436 SE2d 803) (1993) (proof of lost wages must be "reasonably certain" and not speculative).

7. Finally, Ike contends the trial court erred by commenting on the evidence during the charge to the jury. Ike, however, has failed to identify the comments she complains of and failed to support her enumeration with argument or citation of authority. Accordingly, she has waived the issue. Court of Appeals Rule 27 (c) (2); *Sepulvado v. Daniels Lincoln-Mercury*, 170 Ga. App. 109 (1) (316 SE2d 554) (1984).

The judgment of the trial court is affirmed.

*Judgment affirmed. Blackburn, C. J., and Eldridge, J., concur.*

DECIDED MARCH 9, 2001.

*Joseph M. Todd*, for appellant.

*Webb, Carlock, Copeland, Semler & Stair, Douglas A. Wilde*, for appellee.