A01A0842. MINTAH et al. v. ARMS.
(555 SE2d 466)

PHIPPS, Judge.

Louise and Emanuel Mintah sued Dawn Arms for injuries allegedly sustained in an automobile collision.[1] A jury found in Arms's favor, and judgment was entered accordingly. On appeal, the Mintahs assert that the trial court erred by (1) improperly beginning

---

the trial in Arms's absence, (2) allowing Arms's counsel to use a diagram during Arms's testimony, (3) refusing to admit certain evidence, and (4) giving an improper jury instruction. Finding no error, we affirm.

1. The Mintahs claim that the trial court erred by beginning the trial before Arms arrived. When the jurors had been sworn and Arms had not yet arrived, Arms's attorney suggested that they proceed without her. No one objected. The trial court explained to the jury that they would begin without Arms to avoid delay. This did not constitute error, and the Mintahs were not harmed.

2. The Mintahs argue that the trial court should not have allowed Arms's counsel to use a diagram of the scene of the collision to assist Arms during her testimony. Not only did the Mintahs fail to object to use of the diagram at trial, their trial counsel used it while cross-examining Arms. It is not error to permit a witness to use a diagram not introduced into evidence as an aid to explain the relative locations of various objects, as a means of "pictorial communication," absent an objection that it contains material not included in the witness's testimony or is otherwise erroneous or prejudicial.[2]

3. The Mintahs claim that the trial court improperly excluded certain evidence.[3]

(a) Evidence of Arms's insurance coverage was excluded. "In an ordinary negligence case, not only is a liability insurance policy of a litigant not admissible in evidence, but disclosure to the jury of the mere existence of such contract is ground for a mistrial. This principle is operative not only with reference to liability insurance but also with regard to no fault coverage."[4]

(b) The accident report was excluded. Accident reports filed with the Department of Motor Vehicle Safety shall not be referred to or admitted as evidence in any civil damages trial.[5]

(c) Arms's citations and convictions for following too closely and driving without a license were excluded.

This court has consistently held inadmissible evidence of any traffic court initiation or disposition of a case against

[2] *Long v. Serritt*, 102 Ga. App. 550, 551 (1) (117 SE2d 216) (1960).

[3] Arms claims that the evidence was excluded in limine, but the record does not reflect any pretrial evidentiary ruling by the court. Because the evidence was not offered at trial, we assume that it was excluded in limine and that the pretrial proceedings were not transcribed.

[4] (Citations and punctuation omitted.) *Cincinnati Ins. Co. v. Reybitz*, 205 Ga. App. 174, 176 (1) (421 SE2d 767) (1992).

[5] OCGA § 40-9-41; see also *Brown v. State*, 274 Ga. 31, 32 (1) (549 SE2d 107) (2001) (narrative portion of a police report is not admissible under the business records exception to the hearsay rule, nor is other evidence that requires the reporting officer to make a conclusion or express an opinion).

the parties to a collision unless the party has entered a guilty plea in traffic court, thereby admitting liability. Even an adjudication of guilt by a traffic court that the defendant was in violation of a law alleged to be the proximate cause of the plaintiff's injuries is inadmissible as irrelevant and immaterial [because] the defendant does not make any admission of guilt under this circumstance.[6]

Arms pled not guilty to both offenses. As a result, the documents were properly excluded.

4. The Mintahs claim that the trial court erred by instructing the jury that Arms claimed that Louise Mintah performed an illegal lane change and by reading a portion of the statute regarding changing lanes.[7] Because the Mintahs did not object to this portion of the charge or reserve objections after the entire charge was given, they waived their right to challenge the charge on appeal.[8]

Notwithstanding the Mintahs' failure to object, we will consider and review erroneous charges if there has been a substantial error that was harmful as a matter of law.[9] We find no such error here. A jury charge is authorized if there is some evidence from which jurors can conduct a legitimate process of reasoning with respect to the charge.[10] Arms testified that Mintah changed lanes suddenly and stopped in front of her, leaving her no room to stop safely. The evidence was sufficient to justify the charge given.

5. Arms has requested that we consider imposing a frivolous appeal penalty against the Mintahs for pursuing this appeal. We have considered the request, which is hereby denied.

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED AUGUST 27, 2001 —
RECONSIDERATION DENIED SEPTEMBER 17, 2001.

Louise C. Mintah, *pro se.*
Emanuel Mintah, *pro se.*
*Crim & Bassler, Joseph M. Murphey*, for appellee.

---

[6] (Citations and punctuation omitted.) *Waszczak v. City of Warner Robins*, 221 Ga. App. 528 (1) (471 SE2d 572) (1996).

[7] OCGA § 40-6-123.

[8] OCGA § 5-5-24 (a); *T.G.&Y. Stores Co. v. Waters*, 175 Ga. App. 884, 886 (2) (334 SE2d 910) (1985).

[9] OCGA § 5-5-24 (c).

[10] *Ike v. Kroger Co.*, 248 Ga. App. 531, 534 (4) (546 SE2d 903) (2001); *T.G.&Y. Stores Co.*, supra.