### 68670. BANKS v. CARTER et al.
(325 SE2d 453)

SOGNIER, Judge.

Barbara Banks brought this action against Melvin Leon Carter and Joseph Pierce for general and punitive damages as a result of a collision between Carter's automobile, driven by Pierce, and Banks' parked and unoccupied Honda automobile. The trial court granted the motions for summary judgment filed by Pierce and Carter on the basis that Banks was not the real party in interest and Banks appeals.

Appellant purchased an automobile liability insurance policy from Nationwide Mutual Fire Insurance Company (Nationwide) in February 1982 which provided optional collision coverage for the vehicle and also contained a subrogation agreement. After the accident on June 13, 1982, appellant filed a claim with Nationwide and, pursuant to her collision coverage, received a check for $3508.14 which she endorsed over to the co-payee, the bank which held the lien on the automobile's title. Appellant subsequently transferred title of the automobile to Nationwide for salvage. It is uncontroverted that appellant never signed any assignment or "loan receipt" in connection with her claim with Nationwide. Appellant then brought this suit against appellees seeking the difference between the value of the Honda immediately before and immediately after the collision. A suit filed after appellant's suit by Nationwide was later dismissed by the insurance company.

Appellant contends the trial court erroneously granted appellees' motions for summary judgment, granted on the basis that appellant was not the real party in interest, because appellees failed to present any evidence that appellant had assigned her cause of action to Na-

tionwide. We agree and reverse the trial court's order.

Appellees argue that appellant effectively assigned her cause of action when she (1) transferred title of the automobile to Nationwide and (2) accepted payment under the Nationwide policy containing a valid subrogation agreement. (1) The certificate of title signed by appellant stated that "FOR VALUE RECEIVED I (WE) HEREBY SELL, ASSIGN OR TRANSFER THE VEHICLE DESCRIBED. . . ." Nothing on the face of the instrument itself and nothing in the record of the case indicated that appellant's right of action was thus transferred to her insurance company. See *Bowen v. Waters*, 170 Ga. App. 65, 66 (316 SE2d 497) (1984).

(2) Appellees' main argument is that a valid subrogation agreement existed in the policy and since appellant accepted payment under the policy, she effectively transferred and assigned her cause of action to Nationwide. At the time of the action, June 1982, the statute in effect was Code Ann. § 56-3405b (d) (1) (Ga. Laws 1978, p. 2075) which provided that "[i]nsurers . . . providing benefits without regard to fault described in sections 56-3403b and 56-3404b shall not be subrogated to the rights of the person for whom benefits are provided, except [for certain weight limit restrictions not in issue here.]" Appellant's automobile collision coverage under her policy with Nationwide is an optional coverage paying "[c]ompensation without regard to fault for damage to the insured motor vehicle" as described in Code Ann. § 56-3404b (a) (2). See *Horton v. Allstate Ins. Co.*, 171 Ga. App. 707 (320 SE2d 761) (1984). See also *Auto-Owners Ins. Co. v. Safeco Ins. Co.*, 245 Ga. 558, 561 (266 SE2d 175) (1980) (note typographical error in paragraph three, page 561, citing § 56-2404b instead of § 56-3404b). " 'Existing and valid statutory provisions enter into and form a part of all contracts of insurance to which they are applicable, and in case of conflict between the policy and the statutory provisions, the latter control.' [Cits.]" *State Farm Mut. &c. Ins. Co. v. Landskroener*, 150 Ga. App. 308, 309 (1) (257 SE2d 376) (1979). The policy in question here itself provided that the policy's provisions would be applied in accordance with state law. Thus, appellant's collision coverage was an item under Code Ann. § 56-3405b (d) (1) which was not subject to subrogation by Nationwide through the mere insertion of a subrogation provision in the policy. We note that the present version of Code Ann. § 56-3405b, OCGA § 33-34-3, was recently amended to except collision coverage (OCGA § 33-34-5 (a) (3), formerly Code Ann. § 56-3404b (a) (2)) from the provisions of OCGA § 33-34-3 (d) (1). OCGA § 33-34-3 (d) (1) (B).

Therefore, because neither the certificate of title nor the insurance policy's subrogation agreement were effective to transfer the cause of action from appellant to her insurance company, and there is no other evidence in the record that appellant assigned her cause of

action to another, the trial court erred by granting appellees' motion for summary judgment on the ground that appellant was not the real party in interest.

*Judgment reversed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED NOVEMBER 30, 1984 —
REHEARING DENIED DECEMBER 17, 1984 —

*Benjamin W. Beazley*, for appellant.
*Marjorie M. McCaw*, for appellees.