## 70169. DRISKELL v. HARTLEY.

### (333 SE2d 150)

CARLEY, Judge.

Appellee-plaintiff filed suit seeking to recover for property damage to his automobile. Appellant-defendant answered and raised the defense that appellee was "not the real party in interest and would have no cause of action, as recognized by law, for said claim." Prior to trial, appellant invoked a ruling by the trial court as to his "real party in interest" defense. It was appellant's position that the cause of action for property damage to the automobile belonged to appellee's insurer. However, the trial court ruled that the property damage claim would be submitted to the jury. The jury returned a verdict for appellee. Appellant appeals from the judgment entered on the verdict, asserting only that his "real party in interest" defense was viable and that it was error to allow the property damage claim to go to the jury.

1. Appellee asserts that any assignment to his insurer of the cause of action for the property damage to the automobile would be void as against public policy. He relies upon the provisions of former Code Ann. § 56-3405b (d) (1) (Ga. Laws 1978, p. 2075), under the terms of which insurers that provided "benefits without regard to fault described in sections [56-3403b and 56-3404b] shall not be subrogated to the rights of the person for whom benefits are provided except [for certain weight limit restrictions not in issue here]." In *Banks v. Carter*, 173 Ga. App. 93, 94 (325 SE2d 453) (1984) it was held that "automobile collision coverage . . . is an optional coverage paying '[c]ompensation without regard to fault for damage to the insured motor vehicle' as described in [former] Code Ann. § 56-3404b (a) (2). [Cits.]" Accordingly, *Banks v. Carter*, supra, construed former Code Ann. § 56-3405b (d) (1) as negating an insurer's subrogation

rights as to damages within a policy's collision coverage. On certiorari, however, the Supreme Court disagreed with this interpretation. "[N]o-fault property damage is a separate coverage from collision. . . . [S]ubrogation rights for benefits paid under collision coverage . . . are still governed by . . . pre-No-fault Act principles. . . ." *Carter v. Banks*, 254 Ga. 550 (330 SE2d 866) (1985). Accordingly, former Code Ann. § 56-3405b (d) (1) does not evince this State's public policy against an insurer's right of subrogation for collision, as opposed to no-fault property damage, benefits.

2. Appellee does not contend that the evidence of record was insufficient to show the existence of a valid assignment of his property damage claim to his insurer. He merely contends that the evidence was otherwise sufficient to authorize a finding that any such assignment by him to his insurer had been rescinded.

"Mutual consent of both parties to a contract is necessary before there can be a rescission. [Cits.]" *Barber v. Atlas Concrete Pools*, 155 Ga. App. 118 (1) (270 SE2d 471) (1980). Our review of the record demonstrates merely the existence of a legal conclusion on the part of appellee's insurer that it had no subrogation rights with regard to payment of collision benefits, which legal conclusion was erroneous. *Carter v. Banks*, supra. There is a difference between a *mutual agreement* to rescind and a mere erroneous legal conclusion on the part of one party that no enforceable rights ever arose in the first instance. " 'In order that there may be an agreement, the parties must have a distinct intention common to both and without doubt or difference.' " *Pierson v. Gen. Plywood Corp.*, 76 Ga. App. 853, 855 (47 SE2d 605) (1948). Moreover, even assuming that a mutual agreement between appellee and his insurer was shown, the evidence of record also clearly shows that such an agreement would not be enforceable. "If the consideration upon which a contract is based was given as a result of a mutual mistake of fact or of law, the contract cannot be enforced." OCGA § 13-5-4.

The evidence showed that no loan receipt had been given in consideration of payment by appellee's insurer of collision benefits. There was also evidence which showed that, under the terms of the applicable policy, upon payment of the collision benefits "the right of recovery . . . pass[ed] to [appellee's insurer]." Thus, under the evidence of record, at the time the instant suit was instituted by appellee, his insurer had enforceable "conventional subrogation" rights as to the property damage claim. See *Carter v. Banks*, supra at 552. Compare *Bowen v. Waters*, 170 Ga. App. 65 (1) (316 SE2d 497) (1984). There being no other evidence to prove that, under the circumstances, appellee rather than his insurer was the real party in interest, it follows that the trial court erred in allowing appellee's claim for property damage to go to the jury. Compare *Southeast Transport*

Corp. v. Hogan Livestock Co., 133 Ga. App. 825, 827 (1) (212 SE2d 638) (1975).

Judgment reversed. Birdsong, P. J., and Sognier, J., concur.

DECIDED JUNE 27, 1985.

Roger Mills, for appellant.
D. Lake Rumsey, Gary Cooper, for appellee.