72538, 72539. NATIONAL INDEMNITY COMPANY v. FEDERAL INSURANCE COMPANY; and vice versa.

(350 SE2d 278)

BEASLEY, Judge.

Steele, an insured of plaintiff National, was injured in a March 1981 collision between his tractor-trailer and one owned by an insured of defendant Federal. National, an authorized foreign insurer in Georgia, had issued a policy containing a no-fault endorsement to Steele in Michigan. Under it, National paid Steele medical expenses and loss of income prior to filing a subrogation suit in 1983 to recover the sums paid its insured as against the alleged tortfeasor and its insurer Federal.

Both sides moved for summary judgment. The trial court found that National was entitled to subrogation but only as to the standard no-fault limit of $5,000. See OCGA § 33-34-4. National appeals on the basis that it was entitled to be subrogated up to the optional limit of $50,000 (Case No. 72538). Federal appeals contending that there was no right to subrogation under the laws of Michigan which it argues control in this case (Case No. 72539).

1. The trial court in its ruling relied on OCGA § 33-34-3 (d) (1): "Insurers and self-insurers providing benefits without regard to fault described in Code Sections 33-34-4 and 33-34-5 shall not be subrogated to the rights of the person for whom benefits are provided except in those motor vehicle accidents involving two or more vehicles, at least one of which is a motor vehicle weighing more than 6,500 pounds unloaded. The right of recovery and the amount of recovery shall be determined on the basis of tort law between the insurers or self-insurers involved. Expenses incurred in exercising the rights of subrogation under this Code section shall be at the sole expense of

the insurers and self-insurers involved. If the responsible tort-feasor is uninsured or is not a self-insurer, the insurer or self-insurer providing benefits shall have a right of action to the extent of benefits provided against such tort-feasor only in the event that the person for whom benefits are provided has been completely compensated for all economic and noneconomic losses incurred as a result of the motor vehicle accident."

Since each of the vehicles involved weighed over 6,500 pounds, the provision would appear to be applicable. Nevertheless, Federal urges that this matter involves the law of contracts and under the theory of lex loci contractus the applicable substantive law would be that of Michigan (which does not permit subrogation). National takes the opposite tack, of course.

In our determination of the issue as to which law applies, we must consider also subsection (a) (2) of OCGA § 33-34-3: "All insurers authorized to transact or transacting insurance in this state or controlling or controlled by or under common control by or with an insurer authorized to transact or transacting insurance in this state which issue policies or contracts providing motor vehicle liability insurance coverage or any other similar coverage in any state or Canadian province shall include in the policies or contracts of insurance a provision which provides at least the minimum coverage required under Code Section 33-34-4 with respect to motorists insured under the policies or contracts who are involved in motor vehicle accidents in this state and, notwithstanding any provisions of the policies or contracts to the contrary, all such policies or contracts of insurance shall be deemed to satisfy the minimum requirements of this chapter if a motorist insured under the policies or contracts of insurance is involved in a motor vehicle accident in this state."

Federal asserts that where a foreign contract is the basis of the parties' rights and relationships the court should apply the substantive law of the state where the contract was entered into and performed, citing *General Telephone Co. v. Trimm*, 252 Ga. 95 (311 SE2d 460) (1984) and *Howard v. Doe*, 174 Ga. App. 415 (330 SE2d 370) (1985). While the principle is a sound one, it does not pertain to the facts here.

The right or absence thereof is purely a creature of statute. In plain terms, there is no subrogation, contractual or otherwise, for no-fault benefits paid under the statute unless the circumstances fall within the exception as provided. *Banks v. Carter*, 173 Ga. App. 93, 94 (325 SE2d 453) (1984). The existence of a contract does not entirely govern the extent of coverage since our statute imposes minimum coverage if none is provided or if the contractual language does not conform with our law. The statute preempts the law of subrogation as to no-fault benefits; it is the sole basis for recovery as well as

bar to recovery in many situations. Obviously Georgia contractual provisions are of no avail in this area and the public policy involved suggests no reason to treat foreign contracts differently where the statutory prerequisites are met.

The steps are basically simple. 1) A foreign insurer authorized to issue policies in this state must include at least the minimum coverage of OCGA § 33-34-4 to its insureds who are involved "in motor vehicle accidents in this state" and regardless of compliance is deemed to have done so. 2) Insurers providing no-fault benefits as described in Code Sections 33-34-4 and 33-34-5 are not subrogated to the rights of persons for whom such benefits are provided except in the case of a "motor vehicle accident" involving two or more vehicles, of which at least one weighs more than 6,500 pounds unloaded. 3) Where this occurs and the person provided the benefits has been completely compensated for all economic and non-economic losses, then an action may be brought with the right and amount of recovery determined by tort law.

Where the collision occurs in Georgia, we perceive no sound basis not to enforce the clearly applicable Georgia law. The whole tenor of the provisions lead inescapably to this conclusion. The trial court correctly decided this issue.

2. We turn now to the issue in Case No. 72538: Was National entitled to be subrogated to $5,000 or to $50,000? The arguments tend to obfuscate by their complexity what appears to be a basically simple issue. It is true that our decisions have held that OCGA § 33-34-3 (a) (2) requires only that the minimum coverage of OCGA § 33-34-4 be provided. *Doran v. Travelers Indem. Co.*, 254 Ga. 63 (326 SE2d 221) (1985). We also recognize that Georgia's public policy extends no further than the statutory requirements. *Cotton States Mut. Ins. Co. v. Neese*, 254 Ga. 335 (329 SE2d 136) (1985). But this does not decide the question. Again, we peruse the statutory language. At least the minimum coverage must be provided, but OCGA § 33-34-3 (a) (2) does not forbid the optional. More specifically, the subrogation provision (OCGA § 33-34-3 (d) (1)) refers to those insurers providing "benefits without regard to fault described in Code Sections 33-34-4 and 33-34-5." If such benefits are provided and other requirements are met there is no obstacle; indeed, the path leads forthwith to the road to recovery of such benefits via subrogation. The trial court erred in limiting recovery to $5,000.

Federal raises in this court the issue that National's insured was not completely compensated since at the time of suit in 1983 he had not received the full $50,000. Since the insured had received over $45,000 and was receiving in excess of $1,000 per month, with the passage of time it appears at this juncture to be a non-issue. In any event, Federal's articulation in this regard comes too late. *B & P*

*Lumber Co. v. First Nat. Bank of Atlanta,* 147 Ga. App. 762 (250 SE2d 505) (1978); *Sawyer v. Allison,* 151 Ga. App. 334 (1) (259 SE2d 721) (1979).

*Judgment reversed in Case No. 72538 and affirmed in Case No. 72539. Deen, P. J., and Benham, J., concur.*

DECIDED OCTOBER 20, 1986 —
REHEARING DENIED NOVEMBER 5, 1986 ▮

*Alfred B. Adams III,* for appellant.
*Walter B. McClelland, V. Jane Reed,* for appellee.