A90A0763. NATIONWIDE MUTUAL INSURANCE COMPANY v. KERSHAW MANUFACTURING COMPANY, INC.
(401 SE2d 23)

COOPER, Judge.
This appeal arises from a suit for reimbursement of a sum paid by appellant to its insured, Sawnee Electric Membership Corporation ("Sawnee"), when a piece of equipment was destroyed by fire. Appellant brought the instant action against appellee, the manufacturer and seller of the equipment, alleging negligence, breach of warranty and strict liability, pursuant to a subrogation provision in its policy with Sawnee which provided as follows: "OUR RIGHT TO RE-

COVER FROM OTHERS. In the event of any payment under this policy, Nationwide shall be entitled to all the insured's rights of recovery against any person or organization. An insured shall do nothing after the loss to prejudice such rights, but the insured may waive his rights in writing to others prior to loss." Appellee moved for summary judgment, basing its motion on the lack of contractual privity, no valid assignment of breach of warranty claims and the contention that appellant was not entitled to subrogation because its payment to Sawnee was voluntary. The trial court granted the motion for summary judgment, and this appeal followed.

1. Appellant enumerates as error the trial court's grant of summary judgment as to its claim for breach of express and implied warranties. Appellant contends the subrogation clause was a valid assignment of all Sawnee's claims and that as Sawnee's insurer, appellant was in privity with appellee. We disagree. " 'In a sale of personal property the warranty is not negotiable or assignable, and does not run with the article sold.' [Cit.]" *Stewart v. Gainesville Glass Co.*, 131 Ga. App. 747, 752 (206 SE2d 857) (1974). Warranties made in connection with the sale of goods are controlled by the Uniform Commercial Code, OCGA § 11-1-101 et seq. "By statute, the UCC warranties can only be made by a *seller* of goods and those warranties can only be extended either to *the buyer* or to those who have a specified *relationship with the buyer.* [Cit.] . . . [F]or purposes of imposing liability for a breach of the UCC warranties, it is the applicable specific statutory provisions of the UCC and not general legal principles that are controlling as to the privity requirement and any exceptions thereto." *Decatur North Assoc., Ltd. v. Builders Glass*, 180 Ga. App. 862, 864 (1) (350 SE2d 795) (1986). Appellant was not the buyer and is not in privity with appellee. Nonetheless, while a warranty cannot be assigned, the UCC does authorize the assignment of a purchaser's claim for "an existing breach of the warranty." *Irvin v. Lowe's of Gainesville*, 165 Ga. App. 828, 829 (2) (302 SE2d 734) (1983). However, contrary to appellant's contentions, the language of the subrogation provision was not a valid assignment of an *existing* breach of warranty.

" 'Any language, however informal, will be sufficient to constitute a legal assignment, if it shows the intention of the owner of the right to transfer it instantly, so that it will be the property of the transferee. [Cit.]' " *First State Bank v. Hall Flooring Co.*, 103 Ga. App. 270, 271 (118 SE2d 856) (1961). The language in question entitles appellant to Sawnee's rights of recovery against any person or organization but not Sawnee's *right of action. Liberty Mut. Ins. Co. v. Clark*, 165 Ga. App. 31 (2) (299 SE2d 76) (1983). An assignment of a right of action would have vested title in appellant allowing appellant to sue directly. *Shook v. Pilot Life Ins. Co.*, 188 Ga. App. 714 (1) (373 SE2d

813) (1988). Moreover, because the purported assignment predated the claim, it cannot be interpreted as conveying an *existing* claim. Under the circumstances in this case, the subrogation provision is, at best, an assignment of an entitlement to the proceeds for breach of warranty at some time in the future. Accordingly, the trial court did not err in granting summary judgment as to the breach of warranty claim.

2. Appellant also contends the trial court erred in granting summary judgment on the claims for strict liability and negligence in the design, manufacture, installation and construction of the equipment. In its motion for summary judgment, appellee argued that appellant was not entitled to subrogation because its payment to Sawnee was voluntary in view of an exclusion in the policy for damages caused by "faulty, inadequate or defective: . . . design, specifications, workmanship, repair, construction. . . ." Appellee maintained that because the allegations of negligence were defective design, manufacture and construction, appellant was not obliged to indemnify Sawnee for the loss. " ' "Subrogation 'is never applied for the benefit of a mere volunteer who pays the debt of another without any assignment or agreement for subrogation, and who is under no legal obligation to make the payment, and is not compelled to do so for the preservation of any rights or property of his own.' " ' [Cits.]" *Transport Ins. Co. v. Maryland Cas. Co.*, 187 Ga. App. 361, 364 (3) (370 SE2d 188) (1988). We conclude that the trial court was correct in finding that appellant did not acquire a right of subrogation because of the exclusions in the policy and in granting summary judgment.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 6, 1990 —
REHEARING DENIED DECEMBER 20, 1990 — 

*Murray, Temple & Dinges, William D. Strickland, John C. McCaffery*, for appellant.

*Goldner, Sommers & Scrudder, Glenn S. Bass, C. G. Jester, Jr.*, for appellee.