A91A0330. JOHNSON v. FIRST CAROLINA FINANCIAL
CORPORATION.
(408 SE2d 151)

COOPER, Judge.

On October 14, 1977, appellant purchased a mobile home from Cumberland Homes, Inc. ("Cumberland Homes") and executed a retail installment sales contract which provided for payment of the purchase price in monthly installments of principal and interest over a 12-year period. Cumberland Homes subsequently assigned the installment contract to appellee, First Carolina Financial Corporation. In April of 1985, appellee initiated personal property foreclosure proceedings in the Superior Court of Douglas County due to appellant's alleged default in payment pursuant to the terms of the installment contract. The personal property foreclosure pleadings were served by a Douglas County deputy sheriff whose affidavit of record states that he tacked a copy of the pleadings on the mobile home and mailed a copy to the address provided by appellee. Appellant, who had been residing in California since 1980, did not answer or defend the action nor did she appear at the personal property foreclosure hearing on May 15, 1985. Appellee secured a writ of possession on May 24, 1985, and Cumberland Homes took possession of the mobile home in accordance with the recourse agreement between appellee and Cumberland Homes. On February 8, 1989, almost four years after the writ of possession was issued, appellant filed suit against appellee and Cumberland Homes in Fulton County Superior Court alleging in Count I that appellee and Cumberland Homes acted in bad faith in filing the personal property foreclosure action causing appellant unnecessary trouble and expense; in Count II that appellee and Cumberland Homes wrongfully reported to numerous credit bureaus that appellant's mobile home was repossessed causing appellant to be denied credit with other businesses; and in Count III that appellee and Cumberland Homes converted to their own use certain personal property found in the mobile home. Appellant now appeals the trial court's grant of summary judgment to appellee on all three counts of appellant's complaint.

1. Appellant first contends that the trial court erred in granting summary judgment to appellee on Count II of her complaint alleging that appellee falsely reported information about the mobile home foreclosure to various credit bureaus resulting in appellant being de-

nied credit with other business establishments. Our review of the record indicates that appellant failed to present any evidence indicating that appellee had, in fact, reported the foreclosure to any credit bureau. Moreover, appellant testified in her deposition that because she had been unemployed since 1969, she did not have any credit cards or bank accounts. She further testified that she had not applied for credit since the date of the foreclosure of the mobile home, and therefore, could not have been denied credit by any business establishment as alleged in her complaint. We can only agree with the trial court's conclusion that based upon appellant's own testimony, it would be impossible for her to prove that any actions of appellant ruined her credit. Accordingly, the trial court did not err in granting summary judgment to appellee on Count II of the complaint. See *Stricklin & Co. v. Crow Land Dev.*, 197 Ga. App. 373 (398 SE2d 865) (1990).

2. Appellant next contends that the trial court erred in granting summary judgment to appellee on Count I of the complaint and by ruling that the claim was barred on grounds of res judicata based on appellant's failure to plead a compulsory counterclaim in the Douglas County action. Appellant asserts that because she was improperly served with process in the personal property foreclosure action, the doctrine of res judicata cannot be a bar to the present action.

In support of its motion for summary judgment, appellee offered into evidence the affidavit of the Douglas County deputy sheriff to prove that the "tack and mail" service requirements of OCGA § 44-14-232 had been properly met. Although appellant argues that appellee had the deputy sheriff mail the foreclosure pleadings to appellant's old address even though appellee had knowledge that appellant then resided in California, appellant presented no evidence in support of her contention that appellee knew her new address. Therefore, the trial court was correct in concluding that appellant's claim of improper service in the Douglas County action was without merit.

" '[A] party may not raise issues arising out of the same transaction which should have been pled as a compulsory counterclaim in another separate suit. If the first suit is completed, then res judicata serves to bar proceeding with the second action.' [Cits.]" *First Fed. &c. of Detroit v. I. T. S. R. E.*, 159 Ga. App. 861, 863 (285 SE2d 593) (1981). Appellant having raised no genuine issue of material fact as to improper service in the Douglas County action, the trial court did not err in granting summary judgment to appellee on Count I of the complaint.

3. Appellant also argues that the trial court erred in granting summary judgment to appellee on Count III of the complaint alleging that appellee converted appellant's personal property which was located in the mobile home at the time of the foreclosure. However, in her deposition testimony, appellant admitted that she did not know

what items of personal property were in her mobile home at the time of the foreclosure as she had not visited the mobile home since June or July of 1984 and that she did not know the value of the personal property allegedly converted. Moreover, appellant failed to present any evidence that appellee was the entity that actually took possession of the mobile home and the personalty allegedly contained within the mobile home. Accordingly, the trial court did not err in determining that appellant failed to raise any material issue of fact for determination by a jury on Count III of appellant's complaint.

For the foregoing reasons, we affirm the decision of the trial court.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED JULY 8, 1991.

*Kendall & Kendall, Alvin L. Kendall*, for appellant.
*Macey, Wilensky, Cohen, Wittner & Kessler, Mark L. Golder, Swift, Currie McGhee & Hiers, Jonathan M. Engram*, for appellee.