A98A1160. WILLIS et al. v. NATIONAL MORTGAGE COMPANY.
(509 SE2d 403)

RUFFIN, Judge.

On August 21, 1996, National Mortgage Company ("National") brought a complaint in equity against Ann West Willis and A.W.W. Properties, Inc. ("AWW") to set aside an allegedly fraudulent conveyance of property located in Houston County, Georgia. Willis counterclaimed, purportedly for wrongful foreclosure of the Houston County property. In October 1997, National filed a motion for summary judgment, contending that Willis' counterclaim was barred by res judicata and collateral estoppel. The trial court granted the motion, and Willis appeals. We affirm.

The record shows that Willis entered into a "note agreement" with Guaranty Federal Savings Bank on July 28, 1989. Guaranty allegedly became insolvent, and Federal Deposit Insurance Corporation (FDIC) acquired the note. FDIC subsequently transferred the note to National, which attempted to collect on the note. In April

1995, National began foreclosure proceedings on property Willis owned in Houston County, Georgia. Approximately one month later, National ceased its efforts to foreclose on the Georgia property.

In August 1995, National filed a complaint in the United States District Court, Central District of California, in an effort to collect on the note. In Willis' answer she acknowledged that she was in default on the note. The California court, after having granted summary judgment in favor of National on the issue of liability, granted summary judgment on the issue of damages on March 19, 1996, and awarded National $75,970.13.

Also in August 1995, Willis incorporated AWW and transferred the Houston County property to the company. In August 1996, National brought the present action in Houston County to set aside the conveyance, contending that Willis had transferred the property in an attempt to defraud National. In her answer, Willis asserted a counterclaim in which she contended, inter alia, that National, in attempting to foreclose on the Houston County property, had caused her great embarrassment and had ruined her relationship with certain creditors. However, Willis sought damages based upon National's actions in instituting the equity complaint against her. After Willis filed her answer, the California judgment was satisfied through the proceeds of the sale of a house Willis owned in California.

On October 10, 1997, National filed a motion for summary judgment on Willis' counterclaim, contending the claim should have been raised in California and thus was barred by res judicata and collateral estoppel. The trial court granted National's motion, after which National dismissed its main claim.

1. Willis contends the trial court erred in finding that her counterclaim for wrongful foreclosure was barred by res judicata and collateral estoppel. At the outset, we note that it is unclear whether Willis *ever* asserted a counterclaim for wrongful foreclosure. Although her answer references National's attempt to foreclose on the Houston County property, her counterclaim is based on National's alleged bad faith in filing its equity complaint.

In any event, even if Willis had asserted a counterclaim for wrongful foreclosure, the trial court correctly determined that the counterclaim was barred by res judicata. OCGA § 9-12-40 provides that "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." With regard to judgments of foreign courts, "[i]t is well established that the doctrine of full faith and credit renders the judgments and adjudications of courts of sister

states of competent jurisdiction res judicata in this state." *Nations-Bank v. Gibbons*, 226 Ga. App. 610, 611 (487 SE2d 417) (1997).

Willis claims that she attempted to raise the issue of wrongful foreclosure in California, but asserts she was barred from "raising any defenses in that case against the FDIC under 1) the Federal Holder in Due Course Doctrine, 2) the *D'Oench* Doctrine, and 3) 12 U.S.C. § 1823(e)."[1] However, Willis attempted to assert the wrongful foreclosure as a defense to payment of the note. She did not attempt to raise the wrongful foreclosure issue as a *counterclaim*. In fact, the answer Willis filed in California did not contain any counterclaims, nor did it reference the foreclosure action.

Thus, the crucial question before this Court is whether Willis had a full opportunity to raise wrongful foreclosure as a counterclaim in the California suit. If so, then res judicata would serve as a bar to the Georgia action. *Fowler v. Vineyard*, 261 Ga. 454, 455 (1) (405 SE2d 678) (1991). It is of no consequence that Willis may not have taken full advantage of her opportunity to litigate in California. Cf. *Chrison v. H & H Interiors*, 232 Ga. App. 45, 49 (500 SE2d 41) (1998) (dismissal of prior action on technical grounds served as res judicata in subsequent claim).

Both federal and state law require that "[a] pleading . . . state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." OCGA § 9-11-13 (a); Fed. R. Civ. P. 13 (a). Furthermore, both federal and state courts employ the "logical relationship" test in determining whether a counterclaim is compulsory. See *Myers v. United Svcs. Auto. Assn.*, 130 Ga. App. 357, 360 (203 SE2d 304) (1973), citing *Moore v. New York Cotton Exchange*, 270 U. S. 593 (46 SC 367, 70 LE 750) (1926).

Here, without question, the claim for wrongful foreclosure is logically related to the action to collect on the same note. See *Goss & Goss Dev. Co. v. First Union Nat. Bank of Ga.*, 196 Ga. App. 436, 437 (1) (396 SE2d 19) (1990) (suit for wrongful foreclosure constituted a compulsory counterclaim to suit on note). Therefore, it was incumbent upon Willis to file her compulsory counterclaim in California. Her failure to do so precludes her from attempting to recover in this state, and the trial court did not err in concluding that her claim is barred by res judicata. *Myers*, supra at 361.

2. In light of our holding above, we need not address Willis' final

---

[1] We note that the record does not mention any claim instituted against Willis by FDIC.

enumeration which alleges that the trial court erred in barring the counterclaim under OCGA § 9-12-134.

*Judgment affirmed. Pope, P. J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED DECEMBER 2, 1998.

*Roy N. Cowart*, for appellants.

*Vincent, Berg, Stalzer & Menendez, Marguerite P. Bryan, Gerald K. Domescik*, for appellee.