A02A2353. ALLSTATE INSURANCE COMPANY v. WELCH.
(576 SE2d 57)

JOHNSON, Presiding Judge.

In 1998, Gordon Welch sued Allstate Insurance Company's insured, Kent Burden, for damages arising out of an automobile accident. Burden answered and filed a counterclaim for property damage. Burden later withdrew his counterclaim. A jury found in favor of Burden, and a judgment was entered on the jury verdict.

Subsequently, Allstate Insurance Company filed the present subrogation action in its own name against Welch to recover property damage benefits it paid to Burden. Welch moved for summary judgment on the basis that Allstate Insurance Company was not the real party in interest and that the suit should have been filed in the name of Allstate Insurance Company's insured, Burden. The trial court granted Welch's motion. Relying on OCGA § 9-2-21 (a) and *Liberty Mut. Ins. Co. v. Clark*,[1] the trial court ruled that while Allstate Insurance Company is subrogated to Burden's right of recovery, the right of action belongs to Burden and any right against Welch must be brought in Burden's name and not Allstate Insurance Company's name.

Allstate Insurance Company appeals, asserting that (1) the trial court erred in ruling that the insurance company could not file the subrogation action in its own name, and (2) even if the trial court's ruling was proper, Allstate Insurance Company should have been permitted an opportunity to join or substitute Burden as the real party in interest. Because Allstate Insurance Company has no right to pursue the claim for property damage in its own name, and because res judicata bars Allstate Insurance Company from joining

---

[10] *Finch v. Dasgupta*, 251 Ga. App. 637, 638 (1) (555 SE2d 22) (2001).
[1] 165 Ga. App. 31 (2) (299 SE2d 76) (1983) (physical precedent only).

or substituting Burden as the real party in interest in a lawsuit against Welch for the same property damage Burden sought to recover as a compulsory counterclaim in a previous suit, the trial court correctly granted summary judgment in favor of Welch.

1. The trial court did not err in finding that Allstate Insurance Company was not the proper party to bring the lawsuit in this case. Clearly, Allstate Insurance Company is subrogated to the right of recovery of its insured. The subrogation clause in Burden's policy states: "When **we** pay, **your** rights of recovery from anyone else become **ours** up to the amount **we** have paid. **You** must protect these rights and help **us** enforce them."[2] This subrogation language, however, does not entitle Allstate Insurance Company to Burden's right of action.[3] The right of action still belongs to Burden, and any right against Welch must be brought in Burden's name and not Allstate Insurance Company's name.[4]

An assignment of a right of action would have vested title in Allstate Insurance Company allowing Allstate to sue directly. However, there is no evidence in the record that Burden gave such an assignment to Allstate Insurance Company. Under the circumstances in this case, the subrogation provision is, at best, an assignment of an entitlement to the proceeds for Burden's property damage claim at some point in the future.[5]

Allstate Insurance Company cites *Driskell v. Hartley*[6] for the proposition that subrogation language passing the "right of recovery" to the insurer allows the insurer to bring an action in its own name. However, the existence of a valid assignment of a cause of action was not in dispute in *Driskell*: "Appellee does not contend that the evidence of record was insufficient to show the existence of a valid assignment of his property damage claim to his insurer. He merely contends that the evidence was otherwise sufficient to authorize a finding that any such assignment by him to his insurer had been rescinded."[7] Thus, any reliance on *Driskell* is misplaced. The trial court did not err in finding that Allstate Insurance Company was not the proper party to bring the instant lawsuit.

2. Allstate Insurance Company asserts that even if it is not the proper party to bring the present action, the trial court should have

---

[2] (Bold in original.)
[3] See *Nationwide Mut. Ins. Co. v. Kershaw Mfg. Co.*, 198 Ga. App. 153, 154 (1) (401 SE2d 23) (1990); compare *Carter v. Banks*, 254 Ga. 550, 552, n. 1 (330 SE2d 866) (1985) (policy language provided that insurer would have the "right to sue").
[4] See *Nationwide Mut. Ins. Co.*, supra; *Liberty Mut. Ins. Co.*, supra.
[5] See *Nationwide Mut. Ins. Co.*, supra at 155; see also *Bowen v. Waters*, 170 Ga. App. 65, 66 (1) (316 SE2d 497) (1984).
[6] 175 Ga. App. 256 (333 SE2d 150) (1985).
[7] Id. at 257 (2).

allowed it a reasonable opportunity to join or substitute Burden as the real party in interest instead of granting Welch's motion for summary judgment. However, Burden is barred from reasserting his claim for property damages by the doctrine of res judicata.

Allstate Insurance Company argues that Burden is not barred from reasserting his prior claim for property damages by res judicata because OCGA § 51-1-32 specifically allows a cause of action arising out of an automobile accident to be split into separate personal injury and property damage claims. However, OCGA § 51-1-32 has no application to the facts of this case.

Burden's original counterclaim, which he chose to dismiss, was for damage to his car, not injury to his person. And, the only claim in the present suit, which as we held in Division 1 must be brought by Burden, is for the same property damage Burden claimed in his original action. Burden has *never* made any claim for personal injury. Therefore, he has not split claims for personal injury and property damage. Because Burden has not split personal injury and property damage claims, OCGA § 51-1-32, which deals with the splitting of such claims in cases arising out of automobile accidents, is inapplicable, and we must apply the compulsory counterclaim provisions of OCGA § 9-11-13 (a) to Burden's reassertion of his claim for property damages.

OCGA § 9-11-13 (a) provides that a pleading must state as a counterclaim any claim which, at the time of serving the pleading, the pleader has against any opposing party, "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction." As this Court has previously explained:

> "The term 'occurrence' or 'same transaction' has been given a broad and realistic interpretation by the courts. Thus, the test to be applied in determining whether a counterclaim is compulsory is whether there is a logical relationship between the claim advanced by the plaintiff and the claim asserted by the defendant. Any claim that is logically related to another claim that is being sued on is properly the basis for a compulsory counterclaim."[8]

Here, Burden's claim for damages to his car arose out of the occurrence that was the subject matter of Welch's suit, and the logical relationship between Welch's claim for damages and Burden's counter-

---

[8] (Citations omitted.) *Idowu v. Lester*, 176 Ga. App. 713, 714 (1) (b) (337 SE2d 386) (1985).

claim for damages incurred in the same accident renders Burden's counterclaim compulsory.

Because Burden's claim for property damages was a compulsory counterclaim, the claim is now barred by res judicata. "[A] party may not raise issues arising out of the same transaction which should have been pled as a compulsory counterclaim in another separate suit. If the first suit is completed, then res judicata serves to bar proceeding with the second action."[9] This is true even though Burden withdrew his compulsory counterclaim before a judgment was rendered in the case. "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law *might have been put in issue* in the cause wherein the judgment was rendered until such judgment shall be reversed or set aside."[10] Both the compulsory counterclaim statute and the case law make it clear: since Burden's claim for property damage could have been put in issue in the prior proceeding brought by Welch, but was withdrawn, Burden is barred by res judicata from asserting the same claim in a subsequent suit. Thus, Allstate Insurance Company cannot now pursue this claim by joining or substituting Burden as the real party in interest. The trial court correctly granted Welch's motion for summary judgment.

*Judgment affirmed. Blackburn, P. J., and Miller, J., concur.*

DECIDED JANUARY 2, 2003.

◼◼◼◼◼◼◼◼◼◼◼◼◼◼

*Edward M. Harris, Jr.,* for appellant.
*Brown & Rountree, George H. Rountree,* for appellee.

---

[9] (Citations and punctuation omitted.) *First Fed. Sav. &c. of Detroit v. I. T. S. R. E., Ltd.,* 159 Ga. App. 861, 863 (285 SE2d 593) (1981).

[10] (Emphasis supplied.) OCGA § 9-12-40.