A04A0102. JONES MOTOR COMPANY v. ANDERSON et al.

(602 SE2d 228)

PHIPPS, Judge.

This is the second appearance of this case before this court. In *Jones Motor Co. v. Anderson*,[1] we considered whether the trial court properly dismissed John Anderson, Donna Sue Anderson and their minor son, Michael Anderson, based on its determination that Jones Motor Company was not the real party in interest. We concluded that the trial court had improperly placed the burden of proof on Jones Motor to establish its right to bring suit, and reversed. We remanded the case for the trial court to determine whether the Andersons had met their burden of proof on this issue. On remand, the trial court determined that Jones Motor was not the real party in interest because it did not have a formal assignment of the right of action and therefore dismissed the action against the Andersons. Jones Motor appeals that ruling. For reasons that follow, we reverse and remand.

Jones Motor brought suit against the Andersons and three other boys and their parents for damages caused by the boys' alleged vandalism and destruction of two utility vans that were in the custody of Jones Motor. At the bench trial, Jones Motor presented evidence that certain BellSouth entities had purchased the vans and delivered them to Masterack, a division of Leggett & Platt, to add storage racks. Masterack then hired Jones Motor to deliver the converted vans to BellSouth in Florida. The vans were damaged while they were in the possession of Jones Motor. Jones Motor presented evidence that Masterack made a claim against Jones Motor for the damages. The initial claim indicated that BellSouth

---

[1] 258 Ga. App. 161 (573 SE2d 429) (2002).

was to be paid for the value of the vans and Masterack was to be paid for the value of the equipment added to the vans. The final formal claim indicated that all of the damages were to be paid to Masterack. Jones Motor investigated the claim and issued a check to Masterack for the full amount.

On remand, the trial court determined that Jones Motor "arguably has a valid contract with Masterack and, as a result, a right of subrogation in the event of loss. However, even though Jones [Motor] is subrogated to BellSouth/Masterack's right of recovery, Jones [Motor] is not entitled to their right of action." The trial court based its conclusion on *Allstate Ins. Co. v. Welch.*[2] Because we find that *Welch* is not applicable here and that an assignment is not necessary, we reverse.

In *Welch*, Allstate paid its insured property damage benefits as a result of an automobile accident. Allstate then filed a subrogation action in its own name against the other party to the accident. The court determined that the subrogation clause in the insured's policy did not entitle Allstate to the insured's right of action.[3] The subrogation clause provided that " 'When we pay, your rights of recovery from anyone else become ours up to the amount we have paid. You must protect these rights and help us enforce them.' "[4] The court held that without a formal assignment of a right of action, the right of action still belonged to the insured.[5]

Subrogation is "[t]he substitution of one person in the place of another with reference to a lawful claim, demand or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities."[6] "It is of equitable origin, being founded upon the dictates of refined justice, and its basis is the doing of complete, essential, and perfect justice between the parties, and its object is the prevention of injustice."[7] The right of subrogation can arise from equity, contract or statute.[8] Legal subrogation takes place as a matter of equity, without any agreement to that effect.[9]

---

[2] 259 Ga. App. 71 (576 SE2d 57) (2003).

[3] Id. at 72 (1).

[4] (Footnote and emphasis omitted.) Id.

[5] Id.

[6] Black's Law Dictionary (6th ed. 1990), p. 1427.

[7] (Citation and punctuation omitted.) *Southern R. Co. v. Overnite Transp. Co.*, 223 Ga. 825, 830 (6) (158 SE2d 387) (1967).

[8] *State Farm &c. Ins. Co. v. Cox*, 271 Ga. 77, 78 (515 SE2d 832) (1999).

[9] *Southern R.*, supra.

Here, Jones Motor claims that its subrogation right arises because it paid Masterack's claim for damages, as required by its contract with Masterack and by the Carmack Amendment to the Interstate Commerce Act.[10] Jones Motor does not claim that its contract with Masterack contains a subrogation provision or that the Carmack Amendment specifically provides a right of subrogation.[11] Instead, Jones Motor claims an equitable or legal right of subrogation.

In *Welch*,[12] we construed a particular contractual subrogation provision, not the distinct principal of legal subrogation. It is not necessary for a subrogor to make a formal assignment of rights to his subrogee to complete a legal subrogation.[13] Thus, the lack of a formal assignment was not a proper basis upon which to conclude that Jones Motor was not the real party in interest.

We initially remanded this action for the trial court to resolve the facts regarding the real party in interest issue and determine whether the Andersons had met their burden of proof. The only factual determination made by the trial court on remand was that Jones Motor had not obtained a formal assignment of the right of action. Having determined that a formal assignment is not necessary, we must again remand the case for a resolution of the relevant factual issues on the real party in interest issue. To avoid confusion in any future appearance of this case, the trial court is directed to issue findings of fact and conclusions of law supporting its determination whether the Andersons have met their burden of proof on the real party in interest issue.

*Judgment reversed and case remanded. Smith, C. J., and Johnson, P. J., concur.*

DECIDED JULY 12, 2004.

---

[10] 49 USC § 14706 (a) (1). See *Union Pacific R. Co. v. Greentree Transp. Trucking Co.*, 293 F3d 120, 124 (3rd Cir. 2002) (under Carmack Amendment, carrier is liable to shipper for damage to shipped goods during interstate shipment).

[11] But see *Ward v. Allied Van Lines*, 231 F3d 135, 138 (4th Cir. 2000) (Carmack Amendment treats carriers as insurers; carriers should have the benefit of the rights of subrogation and reimbursement that apply to insurers at common law).

[12] Supra.

[13] *Maryland Cas. Co. v. Brown*, 321 FSupp. 309, 311 (N.D. Ga. 1971); see also *Southern R. Co. v. Malone Freight Lines*, 174 Ga. App. 405, 409 (1) (330 SE2d 371) (1985) (subrogee who paid subrogor for damages under liability established for interstate carriers entitled to bring action in its own name for compensatory damages).

*Gray, Hedrick & Edenfield, William E. Gray II, Evan R. Mermelstein*, for appellant.

*Vinson, Talley, Richardson & Cable, Craig L. Burnsed*, for appellees.