A07A0693. PERRETT et al. v. SUMNER et al.

(649 SE2d 545)

PHIPPS, Judge.

Michael and Annette Perrett sued James F. Sumner "individually and f/k/a Sumner Bros. Underground Utilities" in the Gilmer County Superior Court for negligence, breach of contract, and cancellation of a mechanic's lien relating to clearing and grading work performed on the Perretts' property. The trial court granted summary judgment to Sumner, and the Perretts appeal. For reasons that follow, we affirm.

Summary judgment is appropriate when no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law.[1] We review the trial court's grant of summary judgment de novo.[2]

The facts pertinent to this appeal are undisputed. In December 2000, Sumner Bros. Underground Utilities ("Sumner Bros.") filed a claim of lien against real estate owned by the Perretts, asserting that the Perretts owed the company $18,423.06 for work it had performed on the property. Sumner Bros. subsequently filed suit in Cherokee County to enforce the lien, and the Perretts counterclaimed, alleging that the company had negligently performed the work and that such performance violated the work contract.

Significant discovery issues arose in the Cherokee County case, and in September 2001, the Cherokee County Superior Court struck the Perretts' pleadings for discovery violations. The Cherokee County court also entered judgment in favor of Sumner Bros. for $18,423.06, plus interest and attorney fees, and it authorized the company to judicially foreclose upon its lien.

Almost three years later, the Perretts filed the present lawsuit in Gilmer County. Noting that Sumner Bros. had been administratively dissolved, the Perretts named James Sumner, the former company's chief executive officer, as the defendant. They again alleged that the clearing and grading work had not been properly performed and that the performance breached the work contract, and they asserted that they had fully paid the lien, which should be cancelled.

Sumner moved for summary judgment, arguing that resolution of the Cherokee County lawsuit was res judicata as to the majority of the claims in this case. The trial court agreed and, in February 2005, granted summary judgment to Sumner on all issues except the Perretts' claim regarding removal of the lien. Ten months later, on

[1] OCGA § 9-11-56 (c).
[2] See *Suggs v. Hale*, 278 Ga. App. 358 (629 SE2d 11) (2006).

December 27, 2005, the trial court entered final judgment. It repeated its prior summary judgment ruling and, noting that the parties had settled the lien issue in the interim, granted final judgment to Sumner.

1. Sumner has moved to dismiss this appeal, arguing that the Perretts' notice of appeal is untimely and must be dismissed. According to Sumner, the 30-day period for filing the appeal began in July 2005, when the parties settled the lien issue, the last remaining claim in the case. We disagree. The appeal period commenced when the trial court entered its final judgment.[3]

We recognize that the trial court initially entered summary judgment on the breach of contract and negligence claims in February 2005. At that point, the Perretts could have appealed the trial court's ruling, which resolved some issues.[4] A party, however, may wait until final judgment to appeal an order granting partial summary judgment.[5] Accordingly, the Perretts properly and timely appealed from the final judgment entered in this case on December 27, 2005, and Sumner's motion to dismiss is hereby denied.

2. We agree with the trial court that the doctrine of res judicata bars the Perretts' negligence and breach of contract claims. Under this doctrine, "[a] judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue."[6] Res judicata has three prerequisites: "(1) identity of the cause of action; (2) identity of the parties or their privies; and (3) a previous adjudication on the merits by a court of competent jurisdiction."[7] The trial court addressed these prerequisites in its summary judgment order, finding that the negligence and breach of contract claims brought in this suit were essentially identical to the allegations in the Cherokee County counterclaim, that the parties in the two cases were identical for purposes of res judicata, and that the Cherokee County suit resulted in an adjudication on the merits.

On appeal, the Perretts do not challenge the trial court's determination that the cases involve the same parties and claims. In fact, they concede that identity of parties and claims exists. They instead argue that the Cherokee County lawsuit "could not constitute an

---

[3] See OCGA § 5-6-34 (a) (1).

[4] See OCGA § 9-11-56 (h) ("An order granting summary judgment on any issue or as to any party shall be subject to review by appeal.").

[5] See *Culwell v. Lomas & Nettleton Co.*, 242 Ga. 242, 243 (248 SE2d 641) (1978).

[6] OCGA § 9-12-40.

[7] *Holmes v. Sta-Brite Awning Systems*, 251 Ga. App. 367, 368 (554 SE2d 327) (2001) (footnote omitted).

adjudication on the merits" of their counterclaim because the Cherokee County court struck the counterclaim, along with their other pleadings, as a discovery sanction.

But the Perretts' breach of contract and negligent workmanship allegations — which are central to both this lawsuit and the Cherokee County counterclaim — arose out of the same transaction and occurrence as Sumner Bros.'s claim for payment. In fact, the Perretts asserted in an affirmative defense to the Cherokee County lawsuit that Sumner Bros. had not performed the work on their property in a professional manner. They thus defended against the suit by alleging poor workmanship, the thrust of their counterclaim allegations.

Under these circumstances, the negligence and breach of contract allegations were compulsory counterclaims to the Cherokee County litigation.[8] The Perretts not only had the opportunity to litigate these claims in Cherokee County, they were *required* to do so.[9] And as we have found: "A party may not raise issues arising out of the same transaction which should have been pled as a compulsory counterclaim in another separate suit. If the first suit is completed, then res judicata serves to bar proceeding with the second action."[10] Moreover, res judicata applies to matters "put in issue" or matters "which under the rules of law *might have been put in issue*."[11] The Perretts, therefore, cannot avoid the res judicata bar simply because the merits of their compulsory counterclaim were never addressed.[12]

After striking the Perretts' pleadings, the Cherokee County court entered judgment in favor of Sumner Bros. for the full amount of the company's lien plus interest and attorney fees. Such order necessarily adjudicated the merits of Sumner Bros.'s claim; the company prevailed, and the lawsuit concluded.[13] Given that final

---

[8] See OCGA § 9-11-13 (a) (counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction"); *Allstate Ins. Co. v. Welch*, 259 Ga. App. 71, 73 (2) (576 SE2d 57) (2003) ("Any claim that is logically related to another claim that is being sued on is properly the basis for a compulsory counterclaim.") (punctuation and footnote omitted); *Willis v. Nat. Mtg. Co.*, 235 Ga. App. 544, 546 (1) (509 SE2d 403) (1998) (counterclaim for wrongful foreclosure of property securing a note is logically related to action for collection on the note and thus compulsory); *Oh v. Bell*, 221 Ga. App. 276, 278 (470 SE2d 807) (1996) (claim for breach of contract was compulsory counterclaim to action for payment for services under the contract).

[9] See OCGA § 9-11-13 (a).

[10] *Allstate*, supra at 74 (punctuation and footnote omitted).

[11] Id. (punctuation and footnote omitted).

[12] See id. (compulsory counterclaim that was raised in prior suit, but was withdrawn prior to trial and jury verdict, could not be reasserted in subsequent suit).

[13] See, e.g., *Morgan v. Dept. of Offender Rehabilitation*, 166 Ga. App. 611, 613 (2) (305 SE2d 130) (1983) ("The doctrine of res judicata applies even where the earlier judgment was a default judgment or a summary adjudication.") (citation omitted).

adjudication, all compulsory counterclaims that might have been raised and put in issue by the Perretts, including the negligence and breach of contract claims, are now barred by res judicata. Accordingly, the trial court properly entered summary judgment for Sumner.[14]

Judgment affirmed. *Johnson, P. J., and Mikell, J., concur.*

DECIDED JULY 6, 2007.

*Hasty, Pope & Ball, William G. Hasty, Jr.,* for appellants.
*John T. Longino,* for appellees.

---

[14] See *Allstate,* supra; *Willis,* supra; *Aycock v. Calk,* 228 Ga. App. 172, 175-176 (491 SE2d 383) (1997).