[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 19, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13176

_____

D. C. Docket No. 05-03248-CV-TCB-1

NATIONWIDE-SOUTHEAST, INC.,

Plaintiff-Appellant,

versus

AMERICAN INTERSTATE INSURANCE CO.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(March 19, 2008)**

Before HULL and WILSON, Circuit Judges, and EDENFIELD,[*] District Judge.

PER CURIAM:

_____

[*] Honorable B. Avant Edenfield, United States District Judge for the Southern District of Georgia, sitting by designation.

After review and oral argument, we affirm the district court's June 18, 2007 order granting summary judgment to defendant American Interstate Insurance Co. ("American Interstate"). Nationwide-Southeast's ("Nationwide") claims are barred by the doctrine of res judicata, as they were compulsory counterclaims in American Interstate's 2004 state action to recover premiums. *See Johnson v. First Carolina Fin. Corp.*, 200 Ga. App. 340, 341, 408 S.E.2d 151, 153 (1991) (finding that res judicata bars the filing of claims which should have been pled as compulsory counterclaims in a prior suit). The claims brought by Nationwide in this action are "logically related" to the claims asserted in American Interstate's 2004 action, and arise out of the same "transaction or occurrence." *See P & J Truck Lines, Inc. v. Canal Ins. Co.*, 148 Ga. App. 3, 4, 251 S.E.2d 72, 73 (1978); Ga. Code Ann. § 9-11-13(a) (providing that a counterclaim is compulsory "if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim. . . ."); *Allstate Ins. Co. v. Welch*, 259 Ga. App. 71, 73, 576 S.E.2d 57, 59 (2003) ("Any claim that is logically related to another claim that is being sued on is properly the basis for a compulsory counterclaim.").

**AFFIRMED.**