**THIRD DIVISION**
**MILLER, P. J.,**
**ADAMS and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**November 30, 2012**

# In the Court of Appeals of Georgia

A12A1293. BURROWES et al v. TENET HEALTHSYSTEM GB,   AD-059
    INC. et al.

ADAMS, Judge.

In this lease dispute, Dr. Celio O. Burrowes (Burrowes) and his professional corporation Celio Burrowes, M.D., P.C. (Burrowes, P.C.) appeal from the trial court's dismissal of their complaint against Tenet Healthsystem GB, Inc., d/b/a Atlanta Medical Center (AMC) and Tenet Healthcare Corporation (Tenet), based on res judicata and lack of standing.[1] Finding no error, we affirm.

---

[1] We note that Appellants' brief is not in compliance with Ct. of App. Rule 25 (a) (1), in that it contains no citations to the record in this case to assist us in our consideration of the merits of this appeal.

In the trial court's order of September 19, 2011,[2] denying Burrowes and Burrowes, P.C.'s emergency motion for stay of a writ of possession in this action, the following procedural and factual history is set out:

Burrowes had been a tenant of AMC since 1991, but a dispute arose during negotiations for a lease renewal around 2009. Fearing a possible eviction, Burrowes, P.C. filed an action against Tenet d/b/a AMC on February 12, 2010, in the Superior Court of Fulton County (Case No. 2010CV181415) (the Prior Action), seeking declaratory judgment, an interlocutory injunction, and alleging breach of contract. Among its allegations, Burrowes, P. C. alleged that, during the lease negotiations, AMC violated certain provisions of the "Stark Laws," which are federal regulations governing the health care industry, thereby violating the 2006 Corporate Integrity Agreement (CIA) entered into between Tenet and the Office of the Inspector General of the Department of Health and Human Services. Burrowes was not a party to the CIA. AMC filed an answer and counterclaim, Count I of which sought to evict Burrowes, P.C. and recover past due rent. Pursuant to an order entered in the Prior

---

[2] This order was not appealed and is final and binding on the parties. *Hall v. Hall*, 240 Ga. 28 (239 SE2d 356) (1977); *Hooper v. Harris*, 236 Ga. App. 651, 652 (1) (512 SE2d 312) (1999).

2

Action, Burrowes, P.C. was required to pay certain sums to AMC and place other sums in the Court registry in order to maintain possession while the eviction claim was pending.

The parties engaged in extensive discovery in the Prior Action and, on July 14, 2011, AMC filed dispositive motions including a motion for summary judgment on its eviction counterclaim. The day before the scheduled hearing on these motions, to which Burrowes, P.C. filed no response, Burrowes, P.C. filed a voluntary dismissal which included its claims for affirmative relief based upon alleged violations of the "Stark Laws" and the CIA. Following the hearing on August 23, 2011, the trial court granted AMC's motion for partial summary judgment and issued a writ of possession to be effective on or after September 12, 2011. This judgment was not appealed. A jury trial was held on September 14 and 15, and the trial court issued its order and final judgment on September 19, 2011, in the Prior Action, granting AMC's motion for directed verdict and awarding past due rent of $52,510.49. This judgment was not appealed.

The complaint in the instant action, Fulton Superior Court Case No. 2011CV205657, was filed on September 13, 2011, by Burrowes and Burrowes, P.C.

3

The trial court in the present action denied their request for an emergency order staying execution of the writ of possession.

The complaint here initially alleged only a single count (Burrowes and Burrowes, P.C. asserted that they were third party beneficiaries of a breach of contract, i. e., the CIA), which was Count V of the amended complaint in the Prior Action. Tenet filed its answer and a motion to dismiss, arguing that the complaint was barred by res judicata and that the claims were required to have been asserted in the Prior Action. In response, Burrowes and Burrowes, P. C. filed an Amended Complaint basically reasserting all of the claims made in the Prior Action.

"We review de novo the trial court's grant of a motion to dismiss. A motion to dismiss may be granted only where a plaintiff would not be entitled to relief under any set of facts that could be proven in support of the plaintiff's claim." (Citations and punctuation omitted.) *Johnson v. Bd. of Commrs., Bibb County*, 302 Ga. App. 266, 267 (690 SE2d 912) (2010). And when, as here, the trial court does not recite the grounds upon which the court granted the motion to dismiss, if the judgment is authorized for any reason, it must be affirmed. *Nairon v. Land*, 242 Ga. App. 259 (529 SE2d 390) (2000).

4

1. Appellants' first enumeration is that they were not required to assert their claims in the Prior Action and therefore the present complaint is not barred by res judicata.

Appellants argue that they could file a voluntary dismissal pursuant to OCGA § 9-11-41 (a) (1) in the Prior Action and then file a renewal suit without being subject to res judicata. That section provides that "*[s]ubject to the provisions of . . . any statute*, an action may be dismissed by the plaintiff, without order or permission of [the] court: (A) By filing a written notice of dismissal at any time before the first witness is sworn[.]" (Emphasis supplied.)

OCGA § 9-11-13 (a), to which voluntary dismissal is subject, provides, in pertinent part, that

> [a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.

Because this statute uses "pleader," "pleading," and "opposing party," instead of designating parties to litigation, it is clear that its mandate applies to claims and

counterclaims.[3] Upon Burrowes and Burrowes, P.C.'s voluntary dismissal of its complaint in the Prior Action, Tenet's claims stood alone and, pursuant to OCGA § 9-11-13 (a), Burrowes and Burrowes, P.C. were required to file as a "counterclaim" to Tenet's claims any claims which Burrowes and Burrowes, P.C. had arising out of the transaction or occurrence that was the basis of Tenet's claims, i.e., the lease.

As discussed in *Robinson v. Stokes*, 229 Ga. App. 25, 26 (1) (493 SE2d 5) (1997), the fact that OCGA §§ 9-11-41 and 9-2-61 give a party a right to dismiss and renew claims does not end the analysis. "[A] renewal action, being an action de novo, is subject to valid defenses. . . . The bar imposed by the doctrine of res judicata . . . is such a defense." Id.

"A party may not raise issues arising out of the same transaction which should have been pled as a compulsory counterclaim in another separate suit. *If the first suit is completed*, then res judicata serves to bar proceeding with the second action." (Citation and punctuation omitted; emphasis in original.) *Trust Co. Bank of Northwest Ga. v. Shaw*, 182 Ga. App. 165, 166 (2) (355 SE2d 99) (1987).

---

[3] When interpreting a statute courts must give meaning and intent to all words, bearing in mind that "[w]here the language of a statute is plain and unambiguous, judicial construction is not only unnecessary but forbidden." *Six Flags Over Ga. II v. Kull*, 276 Ga. 210, 211 (576 SE2d 880) (2003).

The doctrine of res judicata prevents the re-litigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action. . . . Three prerequisites must be satisfied before res judicata applies – (1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction.

*Waldroup v. Green County Hosp. Auth.*, 265 Ga. 864, 865-866 (1) (463 SE2d 5) (1995). See also *Perrett v. Sumner*, 286 Ga. App. 379, 380-381 (2) (649 SE2d 545) (2007); cf. *Steve A. Martin Agency, Inc. v. PlantersFIRST Corp.*, 297 Ga. App. 780, 782-785 (2) (678 SE2d 186) (2009).

All of these prerequisites were met here and the trial court correctly granted the motion to dismiss.

2. Based on our holding in Division 1, we need not consider Appellants' second enumeration.

*Judgment affirmed. Miller, P. J., and Branch, J., concur.*